## CHARLES TRAYLOR v. J. L. TOWNSEND.

(Case No. 1797.)

1. FRAUDULENT SALE.— If a sale be made with intent on the part of the seller to hinder, delay or defraud creditors, and that intent was known to the purchaser, or could have been known by the use of ordinary diligence, the sale is void, though made for a good and valuable consideration.

2. NOTICE — FRAUD.— The word "notice" as used in art. 2465, Revised Statutes, which article provides that the title of a purchaser for a valuable consideration shall not be affected unless it appears that he had notice of the fraudulent intent of the vendor, etc., must not be understood as restrictive to actual notice. He is charged with notice of every fact he could have ascertained by a proper use of the knowledge he actually possessed. Actual knowledge need not be proved if the purchaser had the means of knowing the fraud by the use of reasonable diligence.

3. CHARGE OF COURT.— A charge containing a mere repetition of a principle of law already given in different words by a previous charge should not be given; especially is this true when such repetition would give undue prominence to the principle concerning which the repetition is asked.

4. FRAUD — CHARGE OF COURT.— On an issue of fraud in making a transfer of goods, the court, which had already instructed the jury that the purchaser must have knowledge of the fraud to avoid a fraudulent conveyance, but had not defined what constituted such knowledge, gave the following charges in substance, at the request of the party alleging the fraud:

(1) That such knowledge would avoid the sale, though the purchaser had paid a valuable consideration.

(2) That such knowledge would avoid the sale, though the vendee had no fraudulent intent in making the purchase.

(3) That the sale with such notice was void as against the rights of creditors.

(4) That it would be avoided under such circumstances, though the only motive of the purchaser in buying was to get cheap goods.

(5) That actual knowledge of the fraud on the part of the purchaser was not necessary to set aside the sale. *Held*, the charges did not all contain the same principle defined in different language, and though it would have been better to have given the substance of all in one connected charge, they were not subject to the objection (under the circumstances of the case) of giving undue prominence to any one principle of law.

5. VERDICT.— See statement of case for an informal verdict which was held sufficient to authorize the judgment rendered.

6. NEW TRIAL.— On a motion for new trial on the ground of newly-discovered evidence, an affidavit of due diligence in general terms to procure testimony on the points to which the new y-discovered evidence applies will not answer. The character of the diligence should be specially set forth, that the court may judge of its sufficiency. See opinion for facts under which it was held that a new trial was properly refused.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

Action for damages against J. L. Townsend, J. E. Wallis and Henry Landes, of Galveston county, for the alleged wrongful entry of appellees into appellant's store-houses and warerooms, and forcibly taking therefrom goods, the property of appellant, of the value of $1,685.85; for alleged wrongs and trespasses done and committed by appellees in forcibly taking possession of and carrying away said goods without appellant's consent, whereby they were mixed and injured, and appellant's standing as a merchant damaged. He alleged that appellees combined together and acted with each other with a common purpose and design to take his goods and injure him, and prayed for judgment for the sum of $1,685.85, and the further sum of $1,500 for his damages, etc.

General demurrer and special exception to appellant's claim of $1,500 damages; and appellees J. E. Wallis and Henry Landes interposed a general denial. Appellees further replied, alleging that appellant combined and confederated with one R. E. Farmer to defraud the creditors of R. E. Farmer & Co. That the goods charged to have been taken from appellant were the property of R. E. Farmer & Co., and subject to the debts of that firm, and that appellees Wallis & Landes were creditors of that firm, and the property was taken by virtue of a writ of attachment.

Townsend answered by general demurrer and general denial. Appellant replied to the amended original answer by general demurrer and general denial. There was a verdict in these words: "We, the jury, do agree and decide that the Galveston firm of Wallis, Landes & Co. shall be entitled to the goods and wares seized and sold under their attachment, and that Mr. C. Traylor shall pay the cost of this suit. H. B. Gray, foreman;" upon which verdict, judgment was entered that appellant Charles Traylor take nothing by his suit, and against appellant for costs of suit.

It is not believed that a condensed statement of the evidence relied on to establish the fraud is necessary.

*McCormick, Logue & McKennon,* for appellant, cited: Shaw v. State, 27 Tex., 750; R. S., art. 2465; Turner v. Lambeth, 2 Tex., 365; Giddings v. Steele, 28 Tex., 732; Paxton v. Boyce, 1 Tex., 317; Tompkins & Co. v. Bennett, 3 Tex., 37. (Note difference between statute of frauds since adoption of Revised Statutes and before.) See R. S., title XLVI.; Pasch. Dig., art. 3876; Bryant v. Kelton, 1 Tex., 415; Howerton v. Holt, 23 Tex., 51.

*Foard & Thompson,* for appellees, cited: Edrington v. Rogers, 15 Tex., 188; Mosely v. Gainer, 10 Tex., 393; Mills v. Howeth, 19 Tex.,

259; Humphries v. Freeman, 22 Tex., 50; Bacon v. O'Connor, 25 Tex., 225; Wright v. Linn, 16 Tex., 43; City of Chicago v. Wett, 75 Ill., 211; Russell v. Rowlan, 76 Ill., 167; Bump on Fraudulent Conveyances, 198, 232.

WILLIE, CHIEF JUSTICE.— The assignments of error found in the record relate to the charges given by the court, the verdict of the jury and the refusal to grant a new trial on the ground of newly discovered evidence. It is not complained that the evidence was not sufficient to warrant the judgment under a legal verdict and proper instructions to the jury.

It is objected to the charge that it instructed the jury that mere badges of fraud were fraud *per se*, and contradicted the special instructions given upon request of the appellees.

After a thorough examination of all the charges given by the court we do not find them subject to these objections. That portion of the charge cited by appellant under the assignment of error we are considering is certainly not objectionable, but a true statement of the law, as frequently decided by this court. He charged that fraud, like any other fact, might be proved by circumstantial evidence. This has been frequently held by this court and requires no further argument to demonstrate its correctness. Walcott v. Brander, 10 Tex., 419; Thompson v. Shannon, 9 Tex., 536; Briscoe v. Bronaugh, 1 Tex., 335; Graham v. Roder, 5 Tex., 149.

The court also charged (taking all the instructions in connection) that the sale made by Farmer & Co. to Traylor was void if made with intent on the part of the seller to hinder, delay or defraud creditors, if the intent be known to the purchaser, or could have been known by the use of ordinary diligence, although the sale was made for a good and valuable consideration. A general principle so well settled as this hardly needs authority to support it.

But it seems to be claimed by counsel for appellant that under the Revised Statutes it is not sufficient that the vendor's fraudulent intent could have been known to the purchaser by the use of ordinary diligence, but that he must positively know that fact. It is true that the Revised Statutes provide that the title of a purchaser for a valuable consideration shall not be affected unless it appear that he had notice of the fraudulent intent of his grantor (art. 2465); but they do not say what shall be the character of the notice, whether actual or constructive, or what shall be deemed sufficient proof to establish it.

It was intended to give the term "notice" its usual signification,

which is knowledge of all that is communicated to the purchaser, or that a proper use of that information would enable him to ascertain.    Le Neve v. Le Neve, 2 Smith, L. C., 154; Hines v. Perry, 25 Tex., 444.

Under the law as it existed before the Revised Statutes were adopted, it was held that a knowledge of the fraud on the part of the vendee must be proved in order to avoid the conveyance. Mills v. Walker, Dallam, 416; Humphries v. Freeman, 22 Tex., 45; Weisiger v. Chisholm, 28 Tex., 780; Wright v. Linn, 16 Tex., 34.

Yet it was held to be the duty of the court to charge the jury in a proper case that actual knowledge need not be proved if the purchaser had the means of knowing the fraud by the use of ordinary diligence.    Humphries v. Freeman, supra.    See, also, Mills v. Howeth, 19 Tex., 257.

As to the contradiction said to exist between the main charge and those given at the request of the defendants below, we are unable to discover them in the statement made by the appellant or in the record itself.

It has been held that it was not error in a district judge to refuse a charge asked which contained a mere repetition of a principle of law already given in charge to the jury under a different form of expression.    Powell v. Messer, 18 Tex., 401.

It was also said, in the same connection, that it ought not to be done where such repetition would give undue prominence to the principle as to which the repetition is requested.    The complaint in that case was that the charge was not repeated at all, whereas in this the complaint is that it was repeated too often.

It is, undoubtedly, improper for a court to place, by frequent repetitions, too prominently before a jury any principle of law involved in the case, but whether or not it would be sufficient cause for a reversal of the judgment, is not decided in the above cited case.

In the present suit, however, there was no error in giving the charges, taking into view the manner in which they were framed, or at least not such error as requires a reversal of the judgment.

The court in its principal charge had instructed the jury that the purchaser must have knowledge of the fraud in order to avoid a fraudulent conveyance, but had not defined what was sufficient to show that he possessed such knowledge.    In a charge asked by defendants the judge stated more specifically what would amount to such knowledge.    In another charge asked by defendants he instructs them that such knowledge would avoid the sale though the purchaser had paid a valuable consideration.    In the next

charge he informs them that it would avoid the sale though the vendee had no fraudulent intent in making the purchase. In the next he charges that the sale with such notice is avoided as against the rights of creditors. In the next that the sale would be avoided though the only motive for making the purchase was because the property was cheap. And in the next that actual knowledge on the part of the purchaser was not necessary to set aside the sale.

Whilst it would probably have been better to have given these charges all in one it cannot be said that they each contain the same principle in different language. They rather present the question of fraudulent conveyance or not under different conditions suited to the case under consideration, in each of which notice to the purchaser was an essential ingredient. The charge as to actual notice might properly have been omitted, as it was fairly included in the first instruction asked by the defendants, but it rendered that instruction more definite and specific, and cannot, therefore, be considered as seriously objectionable.

As to the verdict of the jury, it is certainly an anomalous one, but under the issues in the cause it was sufficient, and entitled the defendants to the judgment rendered in their favor.

The question really was as to the right of Wallis, Landes & Co. to have the goods levied on for their claim against Farmer & Co. If they had such right, both they and the sheriff were justifiable in making the seizure, and Traylor had no cause of action against them. The jury, by their verdict, said in effect that Wallis, Landes & Co. were entitled to have the goods seized, which was equivalent to a finding in favor of the defendants, and judgment was rendered accordingly.

The motion for a new trial was properly overruled. There was no statement in the motion, or the affidavits accompanying it, as to the diligence used in obtaining testimony upon the points to which the newly discovered testimony was directed. It was merely stated that due diligence had been used, but this gave the court no opportunity of exercising its own judgment upon that question. On the contrary, it clearly appears that if diligence had been used the testimony could have been obtained. The two witnesses by whom it was proposed to contradict the testimony of Townsend were in court when he testified. They were the clerks of appellant, and the conversation as to which Townsend testified occurred at appellant's store whilst they were there with him. It would naturally occur to him to make inquiries as to whether or not they had heard

the conversation, and what was their recollection about it. This, more especially as Townsend's depositions, in which the same statements occurred, had been on file for a long time before the trial.

As to the witnesses by whom it was proposed to contradict Yates' testimony, the one was the merchant to whose store, Yates testified, he had removed goods for Farmer & Co., and the other was his clerk, and they were the persons most likely to know the facts of that transaction. This removal of goods to the store of Vogel was charged in the answer of defendants, and hence there was no surprise at the introduction of evidence upon the subject. A diligent preparation of his case would have led the appellant to inquire of Vogel and his clerks as to the facts of the transaction, and would have resulted in ascertaining that they would state what was contained in their affidavits.

It may be added that Vogel and Openhaus state that Heyser was present at the time of the removal of the goods, and, of course, could have proved the same facts set forth in their affidavit; yet Heyser testified at the trial, and no attempt was made to disprove by him the testimony given by Yates.

Again, the newly discovered evidence of Guetsche and Wilson was merely cumulative, as Traylor himself had testified as to precisely the same matter on the trial, contradicting Townsend, and these new witnesses could be introduced for the sole purpose of corroborating Traylor's statements on the subject.

Besides, counter affidavits impeaching the credibility of the evidence sought to be proven by all these witnesses were introduced; and the court having in its discretion, under all the facts before it, determined against the motion for a new trial, we are not disposed to reverse its ruling upon the question.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered February 15, 1884.]