MELCHER BOSLET ET AL. v. Z. THOMAS ET AL.

Decided March 9, 1904.

**1.—Probate Sale—Description of Land Certificate.**

An order in administration proceedings for the sale of "one-third of a league of land the headright certificate of deceased" and report and confirmation of a sale of "one-third of a league of land granted to the heirs of J. R., deceased, by the board of Land Commissioners of Harrisburg County, No. 396, dated February 3, 1838," sufficiently identified the land ordered sold.

**2.—Probate Sale—Close of Administration.**

Where no order appeared closing administration, the power to make sale of property of the estate was not lost though ten years had elapsed without any order being made in the administration proceedings.

**3.—Probate Records—Certificate.**

A certificate by the clerk that a transcript from the probate records was a correct copy of all the proceedings had in the estate and entered of record in certain pages of two named volumes of the records, did not show that no other orders were made and entered.

Appeal from the District Court of Hamilton. Tried below before Hon. N. R. Lindsey.

*Main & Chesley,* for appellants.

*Eidson & Eidson,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, involving 1476 acres of land. After hearing all the testimony the court instructed a verdict for the defendants, and the plaintiffs have appealed. The plaintiffs introduced testimony which, prima facie, established title in them as the heirs of Joseph Rutch, to whom the land was granted.

The defendants introduced documentary evidence relied on by them as showing that the land was sold by the administrator of Joseph Rutch, under which title the defendants claim. Counsel for appellants admit, that if the documentary evidence referred to was admissible, it established title in the defendants, and the admissibility of that testimony is the only point presented for decision. The testimony referred to consisted of certified copies of the probate records of Harris County, as follows:

"Republic of Texas, County of Harrisburg. Hon. A. Briscoe, Judge of Probate: Your petitioner, Niles F. Smith, represents to your honor that one Joseph Rutch died some time last summer, either in the month of July or August, and left unsettled business which requires the appointment of an administrator, and your petitioner further represents that there is no person in the Republic known to be entitled to the administration, except Mary Ann Foley, who is a sister to the deceased, and she refused to administer on said estate, and requests your petitioner to apply for administration. Wherefore your petitioner prays that he may be appointed administrator of the said estate, and he, as

in duty bound, will ever pray. Gayley & Birdsall, Attys. Pet'r., Niles F. Smith.

"Estate of Joseph Rutch, Republic of Texas, County of Harrisburg. Probate Court, 27th November, 1837. For the Administration. Niles F. Smith petitioned for the administration of the estate of Joseph Rutch, deceased: Ordered that notice be given to all persons interested to file objections on or before the 7th day of December, next, or the prayer of petitioner will be granted. Agreeably to the above order, notice was this day given. D. W. Clinton Harris, Clerk.

"December 12, 1837. There being no objection filed to his appointment, it is ordered by the court that said Niles F. Smith be and he is hereby appointed administrator of the estate of Joseph Rutch, deceased, with full and complete power to settle the succession according to law. The said Niles F. Smith filed his bond for $1000 with James S. Holman security, and letters were issued according to order, said Smith always to be subject to the rules and decrees of this court. D. W. Clinton Harris, Clerk.

"January Term, 1838. Ordered that the administrator be ruled to file inventory of the property of this succession at the February term, duly attested and appraised by James S. Holman and Thos. H. Mulryne.

"February Term, 1838. Ordered by the court that the business of this succession be continued.

"March Term, 1838. The administrator appeared and filed the following inventory: An inventory of all the property, real, personal and mixed, belonging to the succession of Joseph Rutch, deceased, as accounted of by Niles F. Smith, administrator, and appraised by James S. Holman and Thomas H. Mulryne, appointed by the court of probate for that purpose, as follows, to wit:

"One-third of a league of unlocated lands amounting to one thousand one hundred and seven acres ................... $600 00

"Three hundred and twenty acres of unlocated soldier scrip.... 50 00

"Three months pay in military scrip ....................... 24 00

"Amounting to ........................................ $674 00

"The above is a true account of the property of this succession so far as comes within my knowledge. Niles F. Smith, Administrator. Sworn to and subscribed before me, this 23d day of March, 1838. John Shea, J. P. The above is a true valuation of the property above named as made by us in pursuance of the order of the court of probate. James S. Holman, Thos. H. Mulryne, Appraisers. Sworn to and subscribed before me this 23d day of March, 1838. John Shea, J. P.

"February term, 1839. This succession having been opened in the month of November, 1837, and no settlement having been proposed, and no debts being in court, it is ordered that the bond given in favor of the judge of probates of this county in the sum of one thousand dollars, given by Niles F. Smith, administrator, with James S. Holman, secur-

ity, is the property of the heirs and that they have a right to collect it, and as no heirs are known to the court, it is ordered that W. F. Gray be appointed curator for the absent heirs, and that said bond be delivered to him so soon as he gives security in the sum of one thousand dollars for his faithful stewardship.

"The curator appointed by the court for this succession appeared before the clerk of court and took the oath of office prescribed by law as curator and filed the following bond and received letters of curatorship: 'Republic of Texas, County of Harrisburg. Know all men by these presents that we, W. F. Gray and D. W. Clinton Harris, are held and firmly bound unto Andrew Briscoe, judge of the probate court of said county, and to his successors in office in the sum of one thousand dollars good and lawful money of this republic, for the payment of which well and truly made, we bind ourselves, our heirs and administrators forever. Conditioned: That if the above bound W. F. Gray shall faithfully discharge his duties as curator for the absent heirs of the estate of Joseph Rutch, deceased, and shall pay to the order of the court aforesaid, all moneys that may come into his hands by virtue of his said office of curator, then this obligation to be null and void, otherwise to remain in full force and virtue. Witness our hands and seals at Houston, this 23d day of March, 1839. Peter Gray [L. S.] D. W. Clinton Harris [L. S.]'

"March Term, April 3, 1840. Continued to next term of court. From the minutes in chambers, June 10, 1850. It appearing to the court upon examination of the records in the matter of this estate that the order heretofore entered in said estate, to wit, at the February term, 1839, of the county court appointing W. F. Gray curator for absent heirs was illegal in that the succession was in due course of administration. It is therefore ordered, adjudged and decreed by the court that said order of appointment be and it is hereby revoked and annulled. It is further ordered that the administrator herein, Niles F. Smith, file an annual report of the condition of said estate on or before the July term next of court. And further ordered that citation issue accordingly and case continued.

"Sums issued in accordance with foregoing order and returned indorsed: 'I acknowledge service of the within writ and waive copy. June 20, 1850. James C. Walker, Attorney for Niles F. Smith.'

"Annual Report, Filed June 25, 1850. State of Texas, County of Harris. To the Hon. Chief Justice in and for said County: In answer to the writ commanding Niles F. Smith, administrator of the estate of Joseph Rutch, deceased, to make an annual return or exhibit of said estate, submits the following to the consideration of the court: That since the administration has been opened, he has paid several sums of money on account of the administration and the expenses of procuring the certificates referred to in the inventory of said estate, the vouchers for which said sums he has not now ready to be shown to the court;

further, he has done nothing in said estate; that a certificate for one-third league of land, and also a certificate for 320 acres (a bounty land claim) was all the property inventoried in said estate, and that nothing more has since come to the knowledge of this administrator, which said certificates are now ready to be shown to the court. Further he prays of the court further time to produce said vouchers and prepare an account current of said estate. As in duty. Niles F. Smith by Jas. C. Walker, Attorney for Administrator.

"From the Minutes, June Term, 1850. The annual report of Niles F. Smith, administrator of this estate, is hereby received, approved and ordered to be recorded, and further ordered that the business of the estate be continued. Continued.

"From the Minutes, July Term, 1850. Petition for Sale, Filed August 6, 1850. State of Texas, County of Harris: To the Hon. Chief Justice in and for said County: The petition of Niles F. Smith, administrator of Joseph Rutch, deceased, represents that said estate has been long since opened and that no debts against said estate have been presented to your petitioner for allowance and payment; that there are no heirs of said estate within the knowledge of your petitioner; that your petitioner incurred the expense of twenty-nine and ninety-five one-hundreth dollars in procuring the land certificates belonging to said estate, and other expenses, as will appear by reference to petitioner's bill, dated July 25, 1850. That your petitioner has paid the sum of nine and twenty-five one-hundreth dollars costs of court in said estate, up to the appointment of F. Gray, curator; that there is a balance due of nine and twenty-five one-hundreth dollars, costs of court, besides what has been incurred lately, the amount of which is unknown to your petitioner. All of which appears upon the records of said court, which are prayed to be inspected. Wherefore, your petitioner prays the court to grant an order to sell the land certificates included in the inventory to pay said expenses, as also the expenses of closing the administration. And as in duty bound will ever pray. Niles F. Smith, Administrator. Sworn to and subscribed before me, this 26th day of July, 1850. Otis McCaffey, J. P.

"From the Minutes, August Term, 1850. The petition of Niles F. Smith, administrator of this estate, for a sale coming up for consideration, and the same having been examined, it is ordered, adjudged and decreed by the court that the administrator of this estate proceed to sell at public auction to the highest bidder for cash, at the courthouse door of Harris County, on the first Tuesday of October next, after giving twenty days notice thereof, the following property, to wit: One-third of a league of land, the headright certificate of the deceased, and a bounty land certificate for 320 acres also granted to the deceased. It is further ordered that he report said sale to the October term of said court. It is further ordered that the business of the estate be continued.

"Petition for Sale, Filed October 2, 1850. State of Texas, County of Harris. To the Chief Justice in and for said County: The petition of Niles F. Smith, administrator of Joseph Rutch, deceased, represents that by accident your petitioner failed to make sale of the certificate belonging to said estate on the last sale day. Wherefore, he prays a continuance of the order of sale heretofore entered in said estate, and your petitioner have further time to make the sale. As in duty bound, etc. Jas. C. Walker.

"From the Minutes September Term (Oct. 2), 1850. The administrator of this estate having verbally reported that he had neglected to sell the property of this estate, for which he had an order to sell on the first Tuesday in October, and petitioned for a renewal of the same. It is therefore ordered that the said administrator pay the costs of said order of sale heretofore made, and upon his petition for sale it is ordered that the order entered at the August term for a sale be renewed so as to take place on the first Tuesday of November, A. D. 1850, and further ordered that he make a return of said sale to the November term of said court, and further ordered that the case be continued. Continued.

"From the Minutes, October term, 1850. Account Sales, Filed November 6, 1850. Estate of Joseph Rutch, deceased. The undersigned administrator of the estate of Joseph Rutch, deceased, reports that in pursuance of an order of sale to him directed in the matter of said estate he proceeded on the first Tuesday in November, A. D. 1850, after having given twenty days previous notice of the same, to sell at the courthouse door of Harris County within the hours prescribed by law to the highest bidder for cash, and William R. Baker offered the sum of forty dollars for a certificate for one-third of a league of land granted to the heirs of Joseph Rutch, deceased, by the board of land commissioners of Harrisburg County, No. 396, dated February 3, 1838, and fifteen dollars for a certificate for 320 acres bounty granted to Joseph Rutch by the Secretary of War and dated December 29, 1837, No. 1434, and they being the highest and best bids, said lands certificates were sold to said W. R. Baker. He further asks that the said sale may be confirmed. Niles F. Smith, Administrator, by Jas. C. Walker, Agent and Attorney in Fact. Sworn to and subscribed before me Nov. 6, 1850. W. R. Baker, Clerk.

"From the Minutes, November Term, 1850. The account sales of the administrator having been filed and the said sale having been conducted according to law and the order of the court, it is ordered by the court that the said sale be approved and confirmed and the return thereof recorded. It is also ordered that Niles F. Smith, administrator, execute to Wm. R. Baker a conveyance for the certificate of headright of Joseph Rutch, deceased, granted by the board of land commissioners of Harrisburg County, No. 396, dated February 3, 1838, for one-third of a league of land; also a bounty land certificate granted to Joseph

Rutch for 320 acres No. 1434, dated December 29, 1837, and further ordered that the business of this estate be continued.    Continued.

"From the Minutes, December Term, 1850.    Exhibit and Petition for Discharge, filed February 1, 1851.    State of Texas, County of Harris.    To the Hon. County Court in and for said County:  Niles F. Smith, administrator of Joseph Rutch, deceased, respectfully presents this his account of his acts and doings in said estate up to this time.

"Niles F. Smith, administrator, etc., debtor to the estate of Joseph Rutch, deceased:

| | | |
|---|---|---|
| "To amt. of sale of certificate for one-third league.... | $40 | 00 |
| "To amt. of sale of certificate for 320 acres.......... | 15 | 00 |
| "Amount dr.................................... | $55 | 00 |
| "Credit.   By amount attorney's fees...............$25 00 | | |
| "Credit.   Amount expenses procuring certificate..... ...... | | |
| "Credit.   Amount costs of court.................... 42 00 | | |
| | "$67 00 | $67 00 |
| | | "12 00 |

"Your petitioner prays that the above may be approved and ordered to be recorded by your honor.    We would further represent that no other property belonging to said estate has come to his knowledge and that there remains nothing of said estate to be administered.    Wherefore he prays his receipts herewith filed may be recorded and he discharged from further management and liability on account of said estate.    Niles F. Smith, Administrator of Joseph Rutch, Dec'd., by Jas. C. Walker, Attorney for Administrator.

"From the Minutes, January Term (Feb. 3), 1851.    The final account and resignation of Niles F. Smith, administrator of this estate, having been examined, it is ordered that said account final be approved. It is also ordered that the resignation of the said Smith as administrator be accepted and he, together with the sureties to his bond, discharged from further liability.    Estate Closed.

"The State of Texas, Harris County.    I, E. F. Dupree, clerk of County Court in and for the County of Harris in the State of Texas, do hereby certify that the above and foregoing is a true and correct copy of all the proceedings had in the County Court of Harris County and entered in the probate records thereof in the matter of the estate of Joseph Rutch, deceased, as the same appears of record in my office in vol. A, pages 304-305, vol. C, pages 221-222, and 475-476 of the probate records of said Harris County.

"Witness E. F. Dupree, clerk of said court, and the seal thereof at office in Houston, on this the 29th day of May, 1897.    [Seal]    E. F.

Dupree, Clerk County Court Harris County, Texas, by E. Y. Speed, Deputy."

It is contended on behalf of appellants that the administrator's sale disclosed by the documents referred to was null and void and did not pass the title from the estate of Joseph Rutch. Two main objections are, (1) that at the time the sale was ordered and made, the succession was closed, and the court had no jurisdiction to order or approve the sale; and (2) that if jurisdiction existed to make the sale, the description of the property sold was insufficient to pass the title.

We rule against appellants on both the points referred to. Looking to all the documents bearing on the subject, we think the property was sufficiently described. It does not appear from any order made by the probate court that the administration upon the estate had been closed at the time the sale was made. It may be true that ten years elapsed during which no order was made by the probate court, but such fact can not avail in a collateral proceedings to defeat a probate sale. It was so held in Burdett v. Silsbee, 15 Texas, 617. See also Templeton v. Ferguson, 89 Texas, 47, 33 S. W. Rep., 329; Crawford v. McDonald, 88 Texas, 626, 33 S. W. Rep., 325, and Shirley v. Warfield, 12 Texas Civ. App., 449, 34 S. W. Rep., 390. Besides, we are disposed to concur in the suggestion made in argument, that it was not affirmatively shown that ten years, or any other specified time, elapsed between orders. No witness testified that the probate records put in evidence included all the orders made by the probate court, and the certificate of the clerk does not seem to go to that extent. It states that the documents that were put in evidence were correct copies of all the proceedings had in the estate referred to in the County Court of Harris County, and entered in the probate records on certain pages of two volumes of such records. To say the least, it does not clearly appear from this certificate that other orders were not made in the Joseph Rutch estate, and recorded in other volumes of the probate record.

No error has been pointed out and the judgment is affirmed.

*Affirmed.*

Writ of error was refused by the Supreme Court April 28, 1904.