PETTITHORY v. CLARKE & COURTS.

(Court of Civil Appeals of Texas. Galveston. June 24, 1911. Rehearing Denied Oct. 5, 1911.)

1. TRIAL (§ 233*)—INSTRUCTIONS—REQUESTS.

A party is entitled to a special charge supplementing the general charge stating in general terms the law applicable to the issue by applying the general principles to the particular facts relied on, but it is improper to give special charges merely restating in different language the propositions of the general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 527–530; Dec. Dig. § 233.*]

2. TRIAL (§ 229*)—INSTRUCTIONS—UNDUE EMPHASIS OF ISSUES.

The giving of special charges presenting in different language the law of the general charge is ground for reversal only when it appears that by the repetition the court gave undue prominence to particular features of the case, thereby invading the province of the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

3. TRIAL (§ 229*)—INSTRUCTIONS—UNDUE EMPHASIS OF ISSUES.

The giving of special charges on the issue of contributory negligence, and thereby merely repeating the general charge denying a recovery on the ground of contributory negligence, is ground for reversal because giving undue prominence to such issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

4. TRIAL (§ 296*)—ERRONEOUS INSTRUCTIONS—CURING BY OTHER INSTRUCTIONS.

The error in a special charge on assumed risk of a servant who had complained of defects of a machine at which he worked and had been told that the defects were remedied, that if the defects were open to common observation and known to the servant, or in the exercise of his knowledge should have been known, and he continued to work until injured, he assumed the risk, because authorizing the jury to deny a recovery on the mere fact of knowledge of the defects, was not cured by a correct charge qualifying the defense by giving due recognition to the proof of his complaint of defects and of the fact that he had been informed that they had been remedied.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716; Dec. Dig. § 296.*]

Error from District Court, Galveston County; Clay S. Briggs, Judge.

Action by E. Pettithory, Jr., against Clarke & Courts. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Marsene Johnson and Roy Johnson, for plaintiff in error. Mart H. Royston, for defendants in error.

REESE, J. In this case E. Pettithory, Jr., sued Clarke & Courts to recover damages for personal injuries received by him while engaged in the operation of a paper-cutting machine, as an employé of defendants. A trial, with the assistance of a jury, resulted in a verdict and judgment for defendants, from which plaintiff appeals by writ of error.

It was alleged in the petition that while appellant was engaged in operating the paper-cutting machine his hand got caught between the top of the frame of the machine and the knife, which was a part of the machine, inflicting upon him severe and permanent injuries. It was charged that the accident was proximately caused by the defective condition of the machine in several particulars, all due to the negligence of the appellees, that appellant had complained to the foreman, or man in charge, and had been afterwards assured that the defect had been remedied, whereupon he continued at work with the result stated. The charge in the petition was that the machine was defective in that it was "old, worn, and defective, in its brake, clutch, and set screws, and was entirely unfit for the purposes for which it was being used." Defendants answered by general denial and specially pleaded contributory negligence on the part of plaintiff and assumed risk. Specifically stating the several grounds of contributory negligence, the answer charges plaintiff: (1) With having failed to attach or hang, upon the lever or handle by which the machine was operated, a leaden weight furnished for that purpose; (2) that he negligently placed his hands upon or over the knife bar of the machine; (3) that he failed to start the machine on its downward course, and to properly lock and secure the knife bar on its downward course before he placed his hands over or upon the knife bar; (4) that he negligently placed his hands upon the knife bar while he was standing in front of the machine, instead of moving to the left side of the machine and adjusting the knife and screws from the back; (5) that he placed his hand upon the knife bar while it was upon its upward course, which was a more dangerous way and increased the chance of injury to himself. The cause was submitted to the jury in a charge upon all the issues raised by the pleadings and evidence, after which several special charges were given at the request of appellees on the issue of contributory negligence, and also charges on the issue of assumed risk.

By the first assignment or error appellant complains of the action of the trial court in giving, at the request of appellees, special charges 2, 3, 8, 12, 13, 14, and 16, on the ground that in each of these special charges the jury was instructed on the issue of contributory negligence, and that the giving of all of these charges was reasonably calculated to, and did, give undue prominence to appellees' theory as to this defense, to his prejudice.

An examination of the record discloses that with the exception of charge No. 3 these special charges were but elaborations, in different phraseology, of the court's charge on the issue of contributory negligence; charges Nos. 8 and 16 also relating to the defense of assumed risk.

[1] Charge No. 3 specially applied the law of contributory negligence to the facts pleaded by appellees as to that issue. This had probably not been done by the general charge of the court so fully and specifically as was done by the special charge, and we think appellees had the right to have this special charge given. M., K. & T. Ry. Co. v. Rogers, 91 Tex. 52, 40 S. W. 956; M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058.

But this special charge, together with the general charge of the court, was, we think, sufficient to give the jury a clear and comprehensive idea of the law as applicable to these issues. The continued reiteration in these special charges of the general statement as to the law of contributory negligence, already sufficiently covered by the general charge of the court, was calculated to, and very probably did, unduly emphasize these issues. The persistent way in which the principles of law as to contributory negligence and assumed risk were thus repeatedly thrust upon the jury in special charges read to them after the court's general charge, which we assume was done, in accordance with the universal practice, was almost necessarily prejudicial to appellant. There is a clear line of distinction between special charges intended to supplement the charge of the court stating in general terms the principles of law applicable to each issue, by applying such general principles to the particular fact or group of facts relied upon to support the particular cause of action or defense, and a mere restatement in different language of the several propositions of law set out in the general charge. It is to special charges of the former class that the opinion of the court is directed in the McGlamory and Rogers Cases, supra, and that line of decisions. Such charges a party has a right to have given, and it is error to refuse to give them. But a careful examination of the charges complained of in the present case constrains us to conclude that at least some of them do not fall within this class, but rather within the latter class, and were harmful rather than useful. As was

said by the Supreme Court in Traylor v. Townsend, 61 Tex. 147: "It is undoubtedly improper for a court to place, by frequent repetition, too prominently before the jury any principle of law involved in the case."

[2] The giving of such special charges will, however, require a reversal only when it appears that they are not required to supplement the general charge of the court, by applying the law to the concrete facts, or groups of facts, relied upon to support different phases of the cause of action or defense, and when such special charges are calculated, by the mere repetition of the law applicable thereto, to give undue prominence to any particular feature of the case, and thus indirectly trench upon the inhibition against any invasion by the court of the province of the jury to pass upon the facts without influence by the court, directly or indirectly. The general principle is well settled. Powell v. Messer, 18 Tex. 401; Traylor v. Townsend, 61 Tex. 144; Fore v. Hitson, 70 Tex. 521, 8 S. W. 292; Perez v. Everett, 73 Tex. 431, 434, 11 S. W. 388; Kroeger v. Railroad Co., 30 Tex. Civ. App, 87, 69 S. W. 809.

[3] It frequently requires nice discrimination and great care on the part of the trial judge to determine whether special charges requested are such as should be given to supplement the general statement of the law in the court's charge, as pointed out, or are such repetition of statements of law upon any particular feature of the case as would be calculated to give it undue prominence. It seems clear to us that the rapid fire of discharge of the special charges in this case on the issue of contributory negligence, nearly all of which repeat the general principle of law denying a recovery where the plaintiff is guilty of contributory negligence, followed by amplified application thereof to the circumstances of this case, gave undue prominence to this feature of the case, and require a reversal of the judgment. This, as we have said, does not apply to special charge No. 3, which, under the authority of the Rogers Case and the McGlamory Case, supra, and others along that line, was properly given.

[4] It will only be necessary to pass upon one other assignment of error presented by the brief. In the general charge of the court on the doctrine of assumed risk, the court properly qualified this defense by giving due recognition to the issue, presented by the evidence and pleadings, that appellant had made complaint of the defective machine to the foreman and had been told that the defect had been remedied, and that in reliance upon this representation he continued to work with the machine. At the request of appellees the court gave special charge No. 5 upon this issue, which was, in substance, that if such defects were patent and open to common observation and were known to the plaintiff, or if in the exercise of the knowledge that he possessed he could and should have known of them, and continued to work at the machine until injured, he assumed the risk of doing so, and could not recover. This charge was contradictory of the court's charge and was in itself erroneous. By this charge the jury would have been authorized to deny recovery to appellant upon the mere fact of his knowledge of the defects in the machine. without giving any consideration to the fact, if they found it to be true, that he was induced to continue at the work by the representation of the foreman that the defects complained of had been remedied, which was made a prominent feature of the charge of the court on the issue of assumed risk. The charge of the court, which correctly stated the law on this point, did not cure the positive and affirmative error in the special charge. Baker v. Ashe, 80 Tex. 357, 16 S. W. 36; Gonzales v. Adoue, 94 Tex. 120, 58 S. W. 951; Railway Co. v. Long, 35 Tex. Civ. App. 339, 80 S. W. 115; Railway Co. v. Terhune, 81 S. W. 75; Railway Co. v. Kuehn, 11 Tex. Civ. App. 21, 31 S. W. 323; T. & N. O. R. R. Co. v. Bingle, 9 Tex. Civ. App. 322, 29 S. W. 676; s. c., 91 Tex. 287, 42 S. W. 971.

We do not deem it necessary to pass upon the other assignments. The errors, if any, therein complained of, are not such as are likely to occur upon another trial, as they all relate to the special charges referred to.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.