DOWDY v. SOUTHERN TRACTION CO.*
(No. 7461.)

(Court of Civil Appeals of Texas. Dallas.
Feb. 26, 1916. Rehearing Denied April
1, 1916.)

1. CARRIERS ☾⊃314(2) — ACTIONS — NEGLIGENCE—PLEADING—SPECIFIC ACTS.

A pleading in a passenger's action for injuries that "as the proximate result of negligence, carelessness and recklessness of defendant in building, erection and maintenance of the road" it was necessary for plaintiff to alight and walk some miles in the rain, contracting illness of serious character, is one of specific acts of negligence, and not general.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1275½; Dec. Dig. ☾⊃314(2); Negligence, Cent. Dig. § 182.]

2. NEGLIGENCE ☾⊃119(4) — PLEADING — SPECIFIC ACTS—BURDEN OF PROOF.

Where specific acts of negligence are relied upon, the plaintiff has the burden of proving such specific acts.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 208; Dec. Dig. ☾⊃119(4).]

3. CARRIERS ☾⊃315(3)—INJURIES TO PASSENGERS—ACTIONS—NEGLIGENCE.

Where the passenger alleged specific acts of negligence and failed to prove them, he could not invoke in his behalf the maxim "res ipsa loquitur," based on the happening of an accident, but he was required to prove the specific negligence alleged.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1281; Dec. Dig. ☾⊃315(3).]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by J. H. Dowdy against the Southern Traction Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Thos. S. Plowman, of Talladega, Ala., and Parks & Hall, of Dallas, for appellant. Templeton, Beall & Williams, of Dallas, for appellee.

RASBURY, J. Appellant sued appellee for damages for personal injuries charged to have been the result of the negligent acts of appellee's servants. There was a jury trial, resulting in a verdict and judgment for appellee, to review which this appeal is prosecuted.

Appellant advances, under appropriate assignments, several propositions as grounds for reversal. For counter proposition to all issues so raised by appellant, appellee asserts that appellant having alleged in his petition that his injuries were caused by certain specific acts of negligence on the part of appellee, it was necessary, in order for him to recover at all, to prove the negligence alleged; that he failed to do so, and, as a consequence, all other issues are immaterial, and the case should be affirmed.

In connection with the issue thus raised it appears from appellant's petition that on December 2, 1914, he was a passenger upon appellee's car en route from Dallas to Waco. The negligence of appellee, after appellant became a passenger and which it is alleged resulted in injury to appellant, is disclosed by the following paragraph from his petition:

"That while the plaintiff was en route as a passenger upon the defendant's car as aforesaid and when he reached a point as a passenger thereon, at a distance of about to wit, four miles from the said town of Hillsboro as the said passenger car advanced toward the said town of Hillsboro, the said car as the proximate result of the negligence, carelessness and recklessness of the defendant in the matter of the building, erection and maintenance of its track, roadbed and bridges and the careless and negligent operation of the said car [it] came to a stop at a bridge upon the defendant's line of railroad, the bridge, track and construction being insufficient and out of repair, and the front end of the said car tilted downward and the back end thereof tilted upward to a great angle and the bridge and construction work and the dumps and other general construction of the track, having given way to such an extent that it became extremely dangerous to the life of the plaintiff and other passengers similarly situated, to remain thereon."

Following the pleading quoted were allegations showing that due to the dangerous situation of the car it was necessary for appellant to disembark in the dark in a downpour of rain and walk therein to the town of Hillsboro four miles distant, and as a result of which he was injured in his health by the enforced exposure to the cold and rain. Upon trial and hearing upon the issue we are discussing, appellant and others testified that when the car reached a point about four miles from Hillsboro where the track bridges a ravine and as it was running upon the bridge the forward end of the car sank downward, and the rear end tilted up, due to the washout of the embankments, to an angle of about 45 degrees, where it remained fixed; and that while the car was in a dangerous position all passengers disembarked safely. There was no proof whatever concerning the cause or reason for the track and embankment giving way or to what it was attributable. The allegations of negligence copied about is all the pleading in that respect, and, as stated, no evidence was introduced in support of the same. Accordingly, the inquiry is: Does the petition allege specific acts of negligence, and, if so, was it necessary for appellee to prove same in order to recover at all? We answer both inquiries affirmatively.

[1, 2] A careful examination of the petition narrating appellee's negligence will disclose a general charge of negligence as well as a charge that the injury resulted from specific acts of negligence. It is alleged generally that the injuries proximately resulted from "the negligence, carelessness and recklessness" of appellee in the "building, erection and maintenance of its track, roadbed and bridges." Following such general allegations is the specific charge that appellant's injuries resulted from "the careless and negligent operation of the said car," together with the further allegation that the

---

☾⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.

car was caused to tilt and appellant, as a consequence, compelled to alight therefrom and subjected to the injuries detailed because of "the bridge, track and construction being insufficient and out of repair." In short, the specific acts of negligence were averred to be the careless and negligent operation of the car, the insufficient construction of the track and bridge, and the fact that it was out of repair. These allegations speak for themselves, and to assert that they charge specific acts of negligence is but to accord to the language used its ordinary significance. And the rule is that where specific acts of negligence are relied upon, it is incumbent upon the plaintiff, in assuming as he does the burden cast by law, to prove the acts as alleged. The rule is fundamentally correct and uniformly enforced.

[3] Appellant in effect concedes as much, but seeks to avoid the application of the rule in the instant case on the ground that the evidence discloses presumptive negligence as comprehended within the maxim res ipso loquitur. Conceding for the purpose of the discussion, but not determining the question, that proof of the mishap which necessitated appellant leaving the car was res ipsa loquitur, in the absence of explanation by those in management of the appellee, the precise question has nevertheless been decided adversely to appellant's contention. M., K. & T. Ry. Co. of Tex. v. Thomas, 132 S. W. 974. In the case cited the court quotes approvingly from Gibler v. Quincy, etc., Ry. Co., 148 Mo. App. 475, 128 S. W. 791, that:

"The rule permitting a presumption of negligence to suffice for plaintiff proceeds on the theory that it is easily within the means of defendant to show there was no dereliction on his part, if such be the fact, while the plaintiff would labor under a great disadvantage if the burden to show the particular acts of negligence continued with him. * * * But when the petition contains a general allegation of negligence, and proceeds to aver specific matters of fact as to the manner in which the mishap occurred, the specific averments are preferred and take precedence over the general allegation as to the same subject-matter, and plaintiff is therefore required to prove the specific allegations of fact as laid."

If appellant had alleged that appellee was negligent in permitting the car to run upon the bridge in the manner it did, and as a consequence he was compelled to disembark therefrom and as a result of such enforced disembarkation he was exposed to the inclement weather and injured as alleged, and that he was unable to prove the particular act or omission which brought about the result, the rule could have been invoked and it would have been for the jury, under appropriate instructions by the trial court, to determine whether from all the circumstances, the fact itself bespoke negligence. Having chosen, however, to allege the specific acts and omissions that brought about his injuries, appellant was compelled to prove them, and, having failed to do so, the case should not have been submitted to the jury.

Because of the conclusion reached on the issue we have just discussed, the other issues raised by the brief of appellant have not been considered, and we are not to be understood as having disposed of them in any respect.

The judgment is affirmed.