DOWDY v. SOUTHERN TRACTION CO.
(No. 110–2959.)

(Commission of Appeals of Texas, Section A. March 31, 1920.)

1. CARRIERS &#9758;315(3)—PETITION HELD NOT TO ALLEGE SPECIFIC NEGLIGENCE SO AS TO PRECLUDE RELIANCE ON RES IPSA LOQUITUR.

In a passenger's action for personal injuries due to exposure when compelled to walk four miles to a town after derailment of the car, his allegation that defendant was negligent "in the matter of the building, erection, and maintenance of its track, roadbed, and bridges, and the careless and negligent operation of said car," was not a charge of specific acts of negligence compelling him to prove the exact negligence alleged, instead of relying on the presumption of negligence arising from the fact of derailment.

2. CARRIERS &#9758;316(5)—DERAILMENT RAISES PRESUMPTION OF CARRIER'S NEGLIGENCE.

In a passenger's action for injuries sustained by exposure when compelled to walk four miles to a town after a derailment of the car wherein he was riding, where the allegations of negligence were general the rule of presumptive negligence from the fact of derailment obtained, and, in order to overcome such prima facie case of negligence, it was necessary for defendant to show that the accident could not have been avoided by the exercise of the utmost care reasonably compatible with the prosecution of its business.

3. TRIAL &#9758;193(3), 244(4) — INSTRUCTIONS HELD ERRONEOUS AS INTIMATING OPINION AND UNDULY EMPHASIZING ISSUE OF CONTRIBUTORY NEGLIGENCE.

In a passenger's action for injuries arising from exposure when compelled to walk four miles to a town after the car wherein he was riding was derailed, instructions as to plaintiff's contributory negligence in walking such distance in the rain, instead of staying at a nearby farmhouse, *held* erroneous as intimating that in the court's opinion plaintiff was guilty of contributory negligence and placing undue stress on such issue.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by J. H. Dowdy against the Southern Traction Company to recover for personal injuries. Judgment for defendant was affirmed by the Court of Civil Appeals (184 S. W. 687), and plaintiff brings error. Reversed and remanded as recommended by the Commission of Appeals.

Thos. S. Plowman, of Washington, D. C., and Marcus M. Parks and W. H. Hall, both of Dallas, for plaintiff in error.

Templeton, Beall & Williams, of Dallas, for defendant in error.

STRONG, J. The plaintiff in error brought this suit against the Southern Trac-

---

tion Company to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. The negligence relied upon is disclosed by the following paragraph from the petition:

"That while the plaintiff was en route as a passenger upon the defendant's car as aforesaid and when he reached a point as a passenger thereon, at a distance of about, to wit, four miles from the said town of Hillsboro as the said passenger car advanced toward the said town of Hillsboro, the said car, as the proximate result of the negligence, carelessness, and recklessness of the defendant in the matter of the building, erection, and maintenance of its track, roadbed, and bridges, and the careless and negligent operation of the said car, came to a stop at a bridge upon the defendant's line of railroad, the bridge, track, and construction being insufficient and out of repair, and the front end of the said car tilted downward and the back end thereof tilted upward to a great angle, and the bridge and construction work and the dumps and other general construction of the track having given way to such an extent that it became extremely dangerous to the life of the plaintiff and other passengers similarly situated to remain thereon."

Plaintiff further alleged that, on account of the dangerous position of the car, it was necessary for him to disembark and walk to the town of Hillsboro, four miles distant, in the rain, and that the exposure thus occasioned resulted in injury to his health. The defendant answered by general denial and by special plea that plaintiff was guilty of contributory negligence in not remaining at a farmhouse near the point of the derailment of the car, instead of walking to Hillsboro.

The trial resulted in a verdict and judgment in favor of defendant. Plaintiff appealed, urging by proper assignments that the trial court erred in giving the jury certain charges requested by the defendant. The Court of Civil Appeals, without considering the errors assigned, affirmed the judgment; holding that the evidence failed to show that defendant was guilty of negligence, and therefore any error in giving the requested charges was immaterial. 184 S. W. 687.

[1, 2] The Court of Civil Appeals, while recognizing the rule that a presumption of negligence arises where a passenger sustains an injury by reason of the derailment of a train, at a place where the track and train are entirely under the control of the company, refused to apply the rule in the case at bar, holding that the petition alleged specific acts of negligence, and, in order for plaintiff to recover, it was necessary for him to prove the exact negligence alleged. The language of the petition is that defendant was negligent "in the matter of the building, erection, and maintenance of its track, roadbed, and bridges, and the careless and negligent operation of said car." These are mere general allegations. The specific defect in the track is not pointed out, nor is any specific act or omission alleged as constituting negligence in the operation of the car. The language used, in our opinion, cannot be construed as charging specific acts of negligence. Railway v. Hennessey, 75 Tex. 157, 12 S. W. 608. The allegations of negligence being general, the rule of presumptive negligence would obtain; and, in order to overcome the prima facie case of negligence arising from the derailment of the car, it was necessary for the defendant to show that the accident could not have been avoided by the exercise of the utmost care reasonably compatible with the prosecution of its business. Railway v. Lauricella, 87 Tex. 277, 28 S. W. 277, 47 Am. St. Rep. 103.

The issues of negligence and contributory negligence, under the evidence, were issues of fact to be determined by the jury; and therefore any material error in submitting these issues requires a reversal of the judgment. The case was submitted to the jury on a general charge. On the issue of contributory negligence, the court in the main charge instructed the jury as follows:

"You are further instructed that it was the duty of the plaintiff on the occasion of the accident in question to use ordinary care for his own safety in the matter of seeking shelter and accommodation at the place of the accident, that is, it was his duty to use such a degree of care that an ordinarily prudent person would have used under similar circumstances in the matter of seeking shelter and accommodations, at the place of the accident, and if you find and believe from the evidence that he failed to exercise that degree of care you will find for the defendant."

In addition to the above instruction, the court gave the following charges, requested by defendant, on the issue of contributory negligence:

"(5) And in this connection you are further charged that even if defendant was guilty of negligence in any respect as charged in the petition, yet it becomes the duty of plaintiff to exercise ordinary care—such as a reasonably prudent person would exercise under the same or similar circumstances—to avoid any injury to himself. If you believe from the evidence that he failed to exercise such ordinary care in his own behalf and on that account received or suffered injuries to himself, then he would not be entitled to recover for such injuries, and it will be your duty to return a verdict for defendant.

"(6) You are charged that if you believe from the evidence that after defendant's car came to a standstill upon the bridge or trestle plaintiff alighted therefrom in safety and went to the nearby residence of Mr. Allen, and that he could have received shelter there from the rain, but that he voluntarily left said Allen's residence and walked through the rain to Hillsboro, and thereby suffered whatever injuries, if any, he did sustain, and you further believe that said plaintiff in voluntarily leaving said

residence, if he did, failed to act as a reasonably prudent person under the same or similar circumstances would have acted, then he is not entitled to recover, regardless of the previous negligence, if any, of the defendant, and it will be your duty to return a verdict for defendant."

[3] Error is assigned to the action of the court in giving the requested charges above quoted, on the ground that in giving the charges the court gave undue prominence to the issue of contributory negligence. We think the assignment should be sustained. The language used in each of the special charges is in substance a repetition of the language used in the main charge, and was calculated to impress the jury that the court was of the opinion that the plaintiff was guilty of contributory negligence in walking to Hillsboro, instead of remaining at the farmhouse. The special charges quoted, when considered in connection with the main charge of the court, place undue stress upon the issue of contributory negligence, and give such prominence to that issue as to be upon the weight of the testimony. Traylor v. Townsend, 61 Tex. 144; Hays v. Hays, 66 Tex. 606, 1 S. W. 895; Fore v. Hitson, 70 Tex. 517, 8 S. W. 292; De Perez v. Everett, 73 Tex. 431, 11 S. W. 388; Rutlin v. Oil Co., 151 S. W. 584.

The other assignments will not be considered, as the questions raised will probably not arise upon another trial.

We are of opinion that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.