## Texas Southern Railway Company v. J. L. Long.

### Decided March 30, 1904.

**1.—Evidence—Negligence—Opinion.**

A plaintiff suing for injuries received in getting off a moving train should not have been permitted to testify that he could have got off safely if the train had not been jerked at the time; it was, in effect, permitting a nonexpert to give an opinion on the question of his own negligence.

**2.—Negligence—Jerking Train—Notice—Charge.**

On the issue of negligence by a railroad company in jerking a train while plaintiff was getting off from it in motion, a charge that it was defendant's duty to use ordinary care to keep from injuring him while he was attempting to alight was error, in ignoring the question of the defendant's notice of the fact that he was about to alight, which was not cured by an instruction correctly stating the law in another paragraph.

**3.—Negligence—Charge—Contributory Negligence.**

A charge which instructs the jury to find for plaintiff if injured by defendant's negligence, ignoring the issue of contributory negligence, is not cured by the proper submission, in another paragraph, of contributory negligence as constituting a defense.

**4.—Negligence—Notice of Perilous Position—Charge.**

The use, in a charge, of the term "constructive notice" with reference to circumstances charging defendant with duties arising from the fact that plaintiff was attempting to get off its train while in motion, though inaccurate, was not misleading, where the circumstances which would be equivalent to notice were correctly stated.

Appeal from the District Court of Upshur. Tried below before Hon. R. W. Simpson.

*Scott & Jones* and *Barnwell & Eberhart,* for appellant.

*Warren & Briggs* and *M. B. Briggs,* for appellee.

KEY, Associate Justice.—Appellee sued appellant to recover damages for personal injuries, and from a judgment in his favor this appeal is prosecuted.

We sustain the third assignment of error, which complains of the ruling permitting the plaintiff to testify in his own behalf that if the train had moved in the usual way, without giving any unusual jerks or jar, he could have gotten off the train safely, and that he had gotten off of trains before and was not hurt. The plaintiff was injured while attempting to get off of a moving train, and he charged the defendant with negligence in causing the train to jerk or jar; and the defendant charged him with negligence in attempting to get off of the train while it was moving, and in the manner he did.

It seems to us that in the testimony complained of the plaintiff was permitted to indicate to the jury his opinion upon the question of his own negligence. While there are certain exceptions to the general rule excluding the opinions of nonexpert witnesses, it is uniformly held not permissible for such a witness to give an opinion covering the entire case, or upon a state of facts relied upon as a defense.

In a separate paragraph, and without referring to any other portions of the charge, the court instructed the jury that "it was the duty of the defendant's employes to use ordinary care, as that term has been defined to you, to keep from injuring the plaintiff while he was attempting to alight from the train." In other portions of the charge the jury were told that the defendant would not be liable unless, among other things, it had notice of the fact that the plaintiff desired to alight from the train. The paragraph quoted was erroneous, because it omitted the question of notice, and it has been held that such an error is not cured by correctly stating the law in another and different paragraph, which does not refer to and correct the one which is erroneous. Baker v. Ashe, 80 Texas, 356.

The eighth and ninth paragraphs of the court's charge submitting the plaintiff's side of the case affirmatively to the jury, are subject to the same objection, because they told the jury if they found the facts to be as therein recited to find for the plaintiff, thereby eliminating the question of contributory negligence. The paragraphs referred to should have told the jury that if they found the facts therein recited to find for the plaintiff, unless they found for the defendant under other paragraphs of the charge.

We do not think the jury were misled or misdirected by the use of the words "constructive notice" in the court's charge. The court gave the jury definitions of what was meant by actual and constructive notice; and while it may have been inaccurate to denominate the latter "constructive notice," yet, considering the definition thereof given by the court, we hold that appellant has no ground of complaint in reference thereto.

On all the other questions of law presented, we rule against the appellant.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*