**OLSEN et al. v. GULF PRODUCTION CO. et al.**

**No. 5085.**

Court of Civil Appeals of Texas. Texarkana.

Nov. 18, 1937.

Rehearing Denied Dec. 2, 1937.

Smallwood & Smith, of Tyler, and Geo. E. Holland and John C. Gray, both of Henderson, for appellants.

Brachfield & Wolfe and Stone & Wells, all of Henderson, and John Broughton, Joe S. Brown, John E. Green, Jr., R. F. Carter, and Felix A. Raymer, all of Houston, for appellees.

JOHNSON, Chief Justice.

The Gulf Production Company filed this suit against Carl I. Olsen, John C. Gray, J. C. Wynne, the Wynne Drilling Company, Tom Barton and his wife, Pearl Barton, in an action of trespass to try title to a 219.58-acre tract of land located in Rusk county and described by metes and bounds in plaintiff's petition. The greater portion of said 219.58-acre tract is located in the northeast corner of the Meredith McCabe H. R. survey. Plaintiff specially pleaded the several statutes of limitation, and further alleged:

"Plaintiff would further show that, notwithstanding the description above set forth, this suit is in reality a boundary suit, and that the defendants are claiming and have unlawfully taken possession of a tract of 2.43 acres of land described as follows:

"Being 2.43 acres of land along the most southerly north line of the land hereinabove described, which 2.43 acres is described by beginning at the northeast corner of Zacariah W. Bailey's field; THENCE North 48.8 feet to a corner; THENCE North 89° 48' West 1910 feet; THENCE South 62.1 feet; THENCE South 89° 47' East to the place of beginning.

"That the defendants Carl Olsen and J. C. Wynne, Wynne Drilling Company, a corporation, and Wynne Drilling Company, a partnership, have entered upon said tract of land, erected a derrick and installed machinery, and are preparing to drill a well for oil and gas upon the land owned and claimed by this plaintiff; that said Carl Olsen and J. C. Wynne, Wynne Drilling Company, a corporation, and Wynne Drilling Company, a partnership, have constructed a slush pit on the lands and premises owned and claimed by this plaintiff and are interfering with its use and possession of said land; that the well which said defendants are about to drill is so located about 33 feet South of the North line of plaintiff's land. * * *"

John, Henry, and Jim Sexton intervened in the suit. Their petition is directed against the defendants. It alleged that said

interveners were owners of said 219.58-acre tract of land, save and except the ⅞ oil and gas leasehold estate which they had theretofore conveyed to plaintiff Gulf Production Company. In all other respects, their petition is similar to that of plaintiffs, including pleas of the several statutes of limitation.

The defendants Carl I. Olsen, J. C. Wynne, and Wynne Drilling Company answered by plea of not guilty and specially alleged that they were in possession of the 2.43 acres of land described in plaintiff's petition, holding it under an oil and gas lease executed by T. H. (Tom) Barton and that said Tom Barton was the fee owner of the land. Said defendants specially pleaded the statute of ten-year limitation in bar of plaintiff's and interveners' right of recovery, and also pleaded said ten-year statute of limitation in support of the defendants' cross-action seeking recovery of the land. Vernon's Ann.Civ.St. art. 5510.

Defendants Tom Barton and wife, Pearl Barton, and John Gray (to whom Tom Barton had conveyed a mineral interest in the 2.43 acres) answered by plea of not guilty and specially pleaded the five and ten-year statutes of limitation. Vernon's Ann.Civ.St. arts. 5509, 5510. They alleged that they had leased the land for production of oil and gas to Carl I. Olsen. The answer also contained a cross-action in trespass to try title to the 2.43 acres described in plaintiff's petition and in support of which cross-action was pleaded the statutes of five and ten-year limitation.

The Humble Oil & Refining Company (holding a lease under Tom Barton) intervened by pleadings which claimed in substance that if the 2.43 acres described in plaintiff's petition is not a part of the Sexton land, then it is part of a tract of land conveyed by a lease executed by Tom Barton and now held by Humble Oil & Refining Company.

The 2.43 acres in controversy consists of a strip of land approximately 55 feet wide north-south, and 1,910 feet long east-west. It is located in one or the other, or partly in both, of two adjoining surveys, namely, the Meredith McCabe survey on the south and the Thomas Grace survey on the north. It appears that William Sexton acquired title and possession of the northeast portion of the Meredith McCabe survey in 1878. The north line of the Meredith McCabe survey was the north line of William Sexton's land. William Sexton occu-

pied the land until his death, since which time it has been continuously occupied by his three sons, John, Henry, and Jim Sexton, interveners in this suit, and under whom the Gulf Production Company holds an oil and gas lease. In the year 1879 Wilson Barton acquired title and possession of the southeast portion of the Thomas Grace survey. The south line of the Grace Survey is the south line of the Wilson Barton land. At an early date Wilson Barton cleared the south part of his land and built his south fence coinciding with or near the south boundary line of his land, running east and west. He continued to cultivate it until his death. After the death of Wilson Barton and his wife, the Barton land was sold by order of court. It was purchased by Tom Barton and his brother Earl Barton, two of the heirs. In 1921 Tom and Earl Barton, by a survey and deeds, partitioned the Barton land between themselves. Tom Barton received the south portion. In 1930 Tom Barton and wife executed an oil and gas lease containing the same field notes described in his 1921 partition deed. The south line of said field notes runs along the Wilson Barton old fence line. The Humble Oil & Refining Company is the owner of that lease. The 2.43-acre strip in question adjoins on the south and runs with the Wilson Barton old fence line; that is to say, the north line of the strip coincides with the Wilson Barton old fence line and the south line of the strip is approximately 55 feet south of the Wilson Barton fence line. Tom Barton leased the strip in question for oil and gas purposes to Carl Olsen and conveyed a portion of the royalty to John C. Gray. Defendants claim that the south line of the strip, as above mentioned, is the true division line between the McCabe and the Grace surveys, and likewise the division line between the Barton and the Sexton land. Plaintiff Gulf Production Company and the interveners Sextons claim that the Wilson Barton old fence line is the true division line between the McCabe and the Grace surveys, and likewise the division line between the Sexton and Barton lands.

The jury found in favor of plaintiff and interveners Sextons on the issue as to the true location of the boundary line between said two surveys; and in favor of the plaintiff and said interveners on their pleas under both the five and ten-year statutes of limitation. The jury also affirmatively found against the defendants on their pleas

of limitation. Judgment was entered for plaintiff and interveners Sextons. The defendants have appealed.

■ Appellants have made two assignments of error. Their first assignment of error asserts that the trial court erred in rendering judgment for plaintiff and interveners Sextons, because their petitions describe the 2.43-acre strip as "beginning at the N. E. corner of the Zacariah W. Bailey's field," and it is contended that plaintiff and said interveners failed to offer any proof locating on the ground said "N. E. corner of Zacariah W. Bailey's field." We are unable to sustain this proposition. There is no dispute in the pleadings or the evidence as to the identity and location on the ground of the boundaries of the 2.43-acre strip described in plaintiff's petition or as to the northeast corner of Zacariah W. Bailey's field. The petitions of plaintiff and said interveners alleged that the 2.43-acre strip is a part of the 219.58-acre tract sued for and described in said petitions; that defendants have taken actual possession of the particular 2.43 acres of the 219.58-acre tract; and that said defendants have erected a derrick, constructed a slush pit, and are preparing to drill an oil well on said 2.43 acres. In their answers defendants admit that they have taken possession of the 2.43 acres "described in plaintiff's petition; that defendants, Olsen and the Wynne Drilling Company, have gone into possession of the 2.43 acres here involved" under a lease from T. H. (Tom) Barton. Defendants introduced the lease in evidence. It describes the 2.43-acre tract as "beginning at the N. E. Corner of the McCabe Survey and the S. E. corner of the Thomas Grace Survey, same being the N. E. corner of Zacariah W. Bailey's field, thence North 48.8 feet to a corner, being the S. E. corner of the original Wilson Barton home tract as fenced." Defendants also introduced in evidence the mineral conveyance of Tom Barton to John C. Gray. It describes the beginning corner of the 2.43-acre tract the same as it is described in the lease to Olsen. In their pleadings defendants further allege: "These defendants further show to the court that they are the owners in fee of the 2.43 acres of land described in plaintiff's petition and were such owners and holders at the time of the institution of this suit, and that the same was a specifically located and segregated tract of land at said time." Defendants further allege that they and those under whom they claim have had and held peaceable, continuous, and adverse possession of "said 2.43 acres of land described in plaintiff's petition. * * *" In their cross-actions defendants also allege "heretofore, to-wit, prior to January 8, 1934, these defendants were in possession, owned and held in fee simple the 2.43 acres of land described in said plaintiff's petition." The testimony of the defendants, plaintiff, and interveners all locate the southeast corner of the 2.43-acre strip in controversy as beginning at a point 48.8 feet south of the southeast corner of the original Wilson Barton tract as fenced by him, which point is described in the pleadings of plaintiff and interveners and in the conveyances executed by the defendant Sam Barton to the other defendants, and by them introduced in evidence, as being the northeast corner of the Zacariah W. Bailey's field. Thus it is seen that the location of the northeast corner of Zacariah W. Bailey's field was admitted by defendants both in pleading and in evidence. The dispute was not as to the identity or location on the ground of the boundaries of the 2.43-acre strip. It was undisputedly located. But the issues were: (1) As to whether the division line between the two surveys, the McCabe and the Grace surveys, was located along the north or south line of the disputed strip. (2) And regardless of the true division line between the two surveys and as to which of the two surveys the disputed strip was located in, did the plaintiff and interveners Sextons have title to it by limitation. The jury answered both issues in favor of plaintiffs and interveners Sextons. Either one of which findings entitled plaintiff and said interveners to judgment.

■ Appellants' second assignment of error contends that the trial court erred in overruling their objections to the following testimony of plaintiff's witness George Lacy, a surveyor, to wit: "Q. From the information you obtained from surveying out there, George, is it your opinion as a surveyor that you were on the correct line between the McCabe and Grace Surveys where you have placed it on the map? A. Yes."

Defendants objected to the testimony on the grounds that it called for a conclusion of the witness, and because such testimony invaded the province of the jury on the ultimate location on the ground of the true division line between the McCabe and the Grace surveys. If the question be construed as eliciting from the witness his opinion as

to where upon the ground is located the true division line between the said surveys, the objections should have been sustained, for this was a matter for the jury alone to answer. Kirby Lumber Co. v. Adams, Tex. Civ.App., 291 S.W. 279. On the other hand, if the question be construed as eliciting from the witness his testimony as to the correctness of his map in reflecting his survey which he made upon the ground and which map was introduced in evidence, then such testimony would not necessarily be objectionable. However, the error, if any, in admitting the testimony does not call for a reversal of the case, since the judgment for plaintiff and interveners Sextons is sustained as well upon the findings of the jury in their favor upon their pleas of five and ten-year statutes of limitation, and regardless of the true location of the division line between the McCabe and the Grace surveys.

The judgment of the trial court is affirmed.