### TRADERS & GENERAL INS. CO. v. WEST TEXAS UTILITIES CO. et al.

#### No. 5352.

Court of Civil Appeals of Texas. Amarillo.

Nov. 10, 1941.

Rehearing Denied Dec. 8, 1941.

---

[1] Not released by court at date of publication.

272

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Aldridge & Aldridge, of Farwell, and L. D. Ratliff, Jr., of Spur, for appellee A. J. Jones, guardian.

Eskridge & Groce, of San Antonio, for appellee West Texas Utilities Co.

STOKES, Justice.

In Dickens County, on August 30, 1938, about 9 o'clock P. M., Charles Jones, Jr. a minor about fifteen years of age, was riding in a truck that was being used by him and other employees of a road contractor in the construction of a highway. Some cows were grazing near a concrete bridge at the bottom of a depression and, shortly before they reached the bridge, E. E. Edwards, an employee of appellee, West Texas Utilities Company. who was coming from the opposite direction in a small truck belonging to appellee, reached the opposite elevation of the depression. The truck in which Charles Jones, Jr., was riding struck some of the cows and also the banister or abutment of the bridge which resulted in damage to the truck and injuries to Charles Jones, Jr., which necessitated the amputation of his right leg.

In due time A. J. Jones, guardian of Charles Jones, Jr., filed with the Industrial Accident Board the claim of his ward for compensation which alleged that he was an employee of L. L. Massie, who was insured under the Workmen's Compensation Insurance Act by appellant, Traders & General Insurance Company, or that he was an employee of R. W. McKinney, who was insured under the act by American Agency Lloyds, both of whom, he alleged, were engaged in the construction of the highway. The Industrial Accident Board made its final award in which it found that Jones was the employee of R. W. McKinney and awarded compensation against the American Agency Lloyds, his insurance carrier, and exonerated Massie and appellant from liability. An appeal to the district court of Dickens County was prosecuted from the award, and while the case was pending in the district court, a compromise and settlement was concluded between the parties under which the American Agency Lloyds paid to the guardian $2,000 and appellant, Traders & General Insurance Company, paid $850. Under the settlement agreement the American Agency Lloyds relinquished to Charles Jones, Jr., its right of subrogation for any recovery that might be had for damages against appellee, West Texas Utilities Company, but appellant retained its right of subrogation under Art. 8307, Sec. 6a, R.C.S.1925.

On the 17th of November, 1939, A. J. Jones, guardian of Charles Jones, Jr., filed the instant suit against appellee for damages, alleging that the suit was brought with the knowledge, consent and approval of appellant, and alleging also that the injuries to Charles Jones, Jr., were proximately caused by the negligence of E. E. Edwards, the employee of appellee, who was driving its truck, the charges of negligence being principally that the headlights of appellee's truck were bright and glaring and that they were so manipulated by Edwards as to destroy the vision of the driver of the truck in which Jones was riding so that he could not observe either the cows or the abutments and banisters of the bridge, the collision with which caused the injury. Appellant immediately intervened in the suit, alleging that the same was brought by the guardian with its consent and approval and further alleging that the plaintiff Jones was the owner of the excess cause of action over and above the amount necessary to reimburse

appellant for the $850 which it had paid to the guardian as compensation insurance under the compromise settlement in the former litigation.

The instant case which, as we have said, was a suit for damages against appellee, was tried in the district court of Dickens County, submitted to a jury and resulted in a judgment in favor of A. J. Jones, guardian, and Charles Jones, Jr., his ward, in the sum of $5,000, but upon motion of appellee for a new trial, the judgment was set aside and a new trial ordered. In June, 1940, while the case was still pending in the district court and before it was again called for trial, appellee and the plaintiff, A. J. Jones, guardian, entered into a compromise and settlement of the controversy as between them and, under proper orders of the probate court of Parmer County where the guardianship was pending, the compromise was consummated under which appellee paid to the guardian for the use and benefit of his ward the agreed sum of $1,500 in full settlement of the cause of action owned and possessed by Charles Jones, Jr., against appellee. In the contract of settlement and compromise the guardian released appellee from any and all liability to his ward in connection with the accident, agreed to dismiss this case and assigned to P. W. Campbell, who was the agent of appellee, the right of subrogation held by Charles Jones, Jr., under assignment from the American Agency Lloyds. Pursuant to the settlement and compromise of the controversy between the guardian and appellee, the guardian duly filed his motion to dismiss the case which motion was considered by the court on the 4th of June, 1940, and by order of the court the case was dismissed without prejudice to the rights of appellant, Traders & General Insurance Company.

On August 26, 1940, after the controversy had been adjusted and settled between appellee and the guardian, appellant, as intervenor, filed its first amended original petition in which it repeated the allegations of negligence of appellee's employee, Edwards, and alleged that the manner in which he operated appellee's truck and manipulated its headlights was the proximate cause of the injuries to Charles Jones, Jr. In addition to its former allegations, appellant further set up in detail the compromise and settlement that had been entered into between

A. J. Jones, guardian, and appellee and asserted that by reason thereof, Charles Jones, Jr., and appellee had, as a matter of law, admitted liability to it under its right of subrogation provided by Art. 8307, par. 6a, R.C.S., and prayed for judgment against the guardian and estate of the minor, Charles Jones, Jr., and appellee West Texas Utilities Company, jointly and severally, for the sum of $850 compensation which it had paid to them under the adjusted settlement of the workmen's compensation case, together with $25.06 costs it had paid in that case, and reasonable attorney's fees which it had incurred in the instant case, together with general relief.

The case as made by the amended pleadings was tried by the court without the intervention of a jury on the 13th of December, 1940, and resulted in a judgment denying appellant any relief and assessing one-half the costs against it. Appellant duly excepted to the judgment, gave notice of appeal, and presents the case for review in this court upon a number of assignments of error and propositions of law in which it contends that the court below erred in refusing to enter judgment in its favor because, a claim for compensation having been made before the Industrial Accident Board on behalf of Charles Jones, Jr., and his guardian having collected the same from appellant, the guardian could not, under the law, proceed in a suit for damages against appellee for the infliction of the injury; but, having done so with appellant's consent and approval, any amount recovered either by judgment or settlement of the controversy should have been paid to appellant. It asserts also that, after reimbursing itself for the amount of compensation which it had paid, appellant was under the duty to pay the excess thereof, if any, to the injured employee or his legal representative, and that appellee having paid to the guardian, and the guardian having received and accepted, the $1,500 in settlement of the damages sued for, and not having paid the same or any part thereof to appellant, both the guardian and appellee became jointly and severally liable to appellant for the amount to which it was subrogated by reason of having paid to the guardian the $850 compensation under the Workmen's Compensation Law.

Appellant's contentions are based upon the provisions of Sec. 6a of Art. 8307, R.C.S.,1925, which provides that where an injury for which compensation is payable is caused under circumstances creating a legal liability in some person other than the subscriber under the Workmen's Compensation Law to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurance association for compensation, but not against both. It further provides that if the injured employee elects to proceed at law against the person other than the subscriber, he shall not be entitled to compensation under the act. Further provisions are to the effect that if compensation be claimed by the injured employee or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employee insofar as may be necessary and it may enforce the same in the name of the injured employee or his legal beneficiaries or in its own name and for the joint use and benefit of the employee and the association. It is further provided that in case the association recovers a sum greater than that paid or assumed by the association to the employee, together with a reasonable cost of enforcing such liability, then out of the sum so recovered the association shall reimburse itself and the excess so recovered shall be paid to the injured employee or his beneficiaries. The last clause of the section provides that the association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the Board upon a hearing thereof.

 It will be noted that the statute specifically provides for the subrogation "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof * * *."

Unless, therefore, the injury in this case was inflicted upon Charles Jones, Jr., under circumstances which created a legal liability upon appellee, the West Texas Utilities Company, to pay damages in respect thereof, appellant, the insurance carrier, who had theretofore paid compensation under its contract of insurance, is not entitled to the subrogation provided by the act. While, in its first amended original petition in intervention, upon which

the case was tried, appellant elaborately alleged the acts and conduct of E. E. Edwards, appellee's employee and driver of its truck on the occasion of the accident, and detailed all of the circumstances of the parties and vehicles involved in the catastrophe, yet, upon the trial of the case, no effort was made to establish negligence on the part of Edwards. Appellant takes the position and contends with much earnestness that its suit is really not in the nature of a negligence action, but rather that it is an action in which it is contending that the plaintiff, Charles Jones, Jr., through his guardian, and the defendant, West Texas Utilities Company, having settled the case between them, they have thereby established the liability and such liability has thereby been admitted by appellee. The question of whether or not the injury to Charles Jones, Jr., for which compensation was payable under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., was caused under circumstances creating a legal liability in appellee, West Texas Utilities Company, to pay damages in respect thereof, has therefore never been judicially determined nor adjudicated. Until that question, which is one of fact, is decided by a court of competent jurisdiction, or admitted, appellant is in no position to assert its claim for subrogation regardless of whether or not money has been paid by appellee to the injured employee in connection therewith. By the plain provision of the statute no subrogation arises unless the injury is caused under circumstances creating a legal liability in some person other than the insurance carrier to pay damages in respect thereof. Appellant contends, however, that the $1,500 having been paid to the guardian for the use and benefit of Charles Jones, Jr., in settlement of his claim for damages which he alleged were the result of the negligence of appellee's employee, the money so paid was in settlement of the damages and occupies the same place in the controversy as it would have occupied if the case had proceeded to final judgment and the negligence of appellee been established by judicial decree. We cannot agree with appellant in this contention. In the first place the record does not reveal the liability of appellant to pay compensation for the injury. Indeed, according to the record, the Industrial Accident Board was of the opinion that appellant was not liable for the compensation and its award so

decreed. While the compensation case was pending on appeal in the district court, the entire controversy was settled by means of compromise and, under the agreement reached in those negotiations, appellant paid the $850. We think in the absence of a showing that appellant was liable for the compensation under the provisions of the Workmen's Compensation Law, it may well be questioned whether it was entitled to claim subrogation in the damage suit merely because it saw fit to compromise and settle the claim for compensation and thus buy its peace and rid itself of troublesome litigation.

In the second place, the record shows very plainly that the compromise and settlement of the damage suit between appellee and the plaintiff, A. J. Jones, guardian, was purely an adjustment or compromise entered into by both of them for the purpose of buying their peace and settling the controversy without regard to the merits of the case. In his application to the probate court for authority to consummate the settlement, the guardian set up at considerable length the history of the controversy, including an allegation that, since the first trial of the case in which he had recovered judgment for $5,000 which had been set aside by the trial court upon motion of appellee for a new trial, the Court of Civil Appeals at San Antonio had handed down its opinion in the case of Refugio Refinery v. Guy B. Speed, 139 S. W.2d 621, in which it was held substantially that acts similar to those alleged by him in his petition in the instant case against the employee of appellee did not, as a matter of law, constitute negligence, and that in view of such decision there was serious doubt as to whether or not liability against appellee could be established by him. He alleged further that the West Texas Utilities Company had offered to compromise the claim of his ward and had further offered to make a reasonable compromise with the Traders & General Insurance Company, but it had declined to accept any compromise whatsoever. He prayed the court to enter an order authorizing him to compromise the cause of action of his ward for the sum of $1,500. Upon the hearing of the application the county court of Parmer County expressed the opinion and found that Charles Jones, Jr., should not be required to jeopardize his right because of the refusal of appellant to accept a compromise and that the offer of appellee, insofar as

Charles Jones, Jr., was concerned, was fair, just and equitable in view of the facts and circumstances and that a compromise of such claim would be of benefit to the estate of the minor.

Thus it will be seen that the adjustment and settlement of the controversy was purely a compromise of whatever claim Jones might have against appellee under all the circumstances; so considered and treated throughout by both parties thereto, and did not in any sense whatever purport to adjudicate the contentions between the parties. The claim of Jones, under the circumstances, could not have been more than an excess recovery over and above the amount to which appellant claimed subrogation. There is a marked difference between an admission of liability for damages, as appellant contends the effect of this compromise and settlement was, and an offer or agreement to compromise a controversy without regard to the question of liability and thus buy one's peace. This involves a question of fact for the jury or, as in this case, the trial judge, to decide. In his findings of fact filed in the case, the trial judge found, in effect, that the settlement of the controversy consummated by the guardian and appellee was a compromise agreement and that, in its consummation, it was the intention of the parties that the sum of $1,500 should be net to the plaintiff in the case. He further found that the guardian, or plaintiff, afterwards filed his motion to dismiss the cause without prejudice to the rights of appellant and that, in response thereto, the court duly entered an order dismissing the cause without prejudice to the rights of appellant. These findings were proper constructions of the contract of settlement entered into by the parties and are proper interpretations of its provisions as well as the testimony in the case. The trial court having passed upon the same and his findings being amply supported by the evidence, this court has no alternative but to sustain such findings. Appellant offered no proof of the legal liability of appellee for the damages sustained by Charles Jones, Jr., in the accident, although in its amended petition of intervention it alleged the same in detail, and it, therefore, has wholly failed to establish any liability whatever to it by either appellee or the guardian. If appellant's liability as an insurer under the Workmen's Compensation Law had been established and the liability of appellee for the damages as alleged by appellant had been established, a different case would have been presented, but, under the circumstances revealed by the record before us, appellant was not entitled to recover. Its rights were in no sense jeopardized by the voluntary adjustment and compromise of the rights to which Charles Jones, Jr., was entitled under the provisions of the statute. Charles Jones, Jr., had the right to file and prosecute the suit even without making appellant a party. His right of recovery, however, was limited to such damages, if any, as he may have suffered in excess of the amount of compensation insurance he had collected. Mitchell v. Dillingham, Tex.Civ.App., 22 S.W.2d 971. Appellant was a party to the suit and it had the same right as Jones had to prove and establish the negligence and damages, if any, and recover for itself the amount to which it was entitled under the subrogation provision of the statute. This it failed to do and, having so failed, it is not entitled to participate in the payment that was made by appellee to Charles Jones, Jr., under a compromise and settlement of his claim which, as we have said, was the price it paid for its peace and, in any event, could have consisted only of the excess of damages over and above the subrogated amount to which appellant contends it was entitled. Moreover, the compromise was consummated and the suit dismissed without prejudice to the rights of appellant, thus leaving it in possession of the same right to continue the prosecution of the suit that it had to file and prosecute it before the compromise was entered into by the other parties.

We have not found, nor been cited by counsel to, any case decided by the courts of this state which involved a similar question raised under the specific provision of the statute appellant here seeks to invoke, but very similar fact situations under statutes containing similar provisions as ours have been passed upon by the Supreme Court of Iowa in Southern Surety Co. v. Chicago, R. I. & P. Ry. Co., 215 Iowa 525, 245 N.W. 864, and by the Supreme Court of Errors of Connecticut in United States Fidelity & Guaranty Co. v. New York N. H. & H. Ry. Co., 101 Conn. 200, 125 A. 875, and in well-considered opinions both of those eminent courts reached the same conclusions which we

have expressed in disposing of the issues here presented. The legal liability of appellee to appellant arises only by virtue of the subrogation provision of the statute and in order to invoke it, the duty rested upon appellant to establish that liability. Having failed in that respect, appellant was not entitled to recover against either of the other parties to the suit and the judgment entered by the trial court denying it any recovery was the only correct judgment that could have been entered.

From what we have said it is plain that in our opinion no error was committed by the court below, and its judgment will, therefore, be affirmed.