## HARTFORD ACCIDENT & INDEMNITY CO. v. WEEKS DRUG STORE et al.

### No. 9093.

Court of Civil Appeals of Texas. Austin.
March 25, 1942.

Rehearing Denied April 15, 1942.

Upton, Upton & Baker, of San Angelo, for appellant.

Collins, Jackson & Snodgrass, of San Angelo, and Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellees.

BAUGH, Justice.

Wade Mahan, a minor, by his sister as next friend, sued Weeks Drug Store for damages for personal injuries alleged to have been caused by the negligence of an employee of Weeks Drug Store in March, 1939. He made appellant a party defendant, alleging that it claimed an interest in his cause of action. Appellant answered and by cross action, which was in effect a plea in intervention, set up its claim of subrogation to whatever plaintiff might recover against Weeks Drug Store, to the extent of $679.50, which it, as Workmen's Compensation insurer for plaintiff's employer, Walgreen Drug Store, had paid to plaintiff as a result of the injuries for

which this suit is brought. After all these pleadings had been filed, and the case put upon the jury docket, the plaintiff settled his claim against Weeks Drug Store for $250, filed his motion, in which he was joined by defendant, Weeks Drug Store, for severance, as between him and appellant, of his suit against Weeks Drug Store, and asked that such compromise be approved by the District Court, "for damages suffered by him in excess of the Workmen's Compensation payments he has received." This severance was by proper pleadings duly controverted, in which appellant alleged that if Mahan's claim for such damages be paid by Weeks Drug Store, it was entitled to be awarded the first $679.50 thereof as reimbursement under Sec. 6a, Art. 8307, R.C.S., and under its policy of insurance. The trial court allowed the severance, approved the $250 settlement, ordered it all paid to plaintiff, without prejudice to any rights of recovery appellant might have against Weeks Drug Store. From this judgment Hartford has appealed.

Two questions are here presented: 1. Whether the suit against Weeks Drug Store was, as between the injured employee and the compensation carrier, a severable cause of action; and 2. Whether under the judgment as entered appellant and not the injured employee should have received the $250.

Under Art. 8307, Sec. 6a, R.C.S., legal liability for injuries to such employee may be established by a suit in the name of the injured employee or in the name of the insurance carrier, or both. It is immaterial that appellant in the instant case was first made a defendant. Having pleaded affirmatively the legal liability of such third person, it then became in effect a co-plaintiff with Mahan in the suit against Weeks Drug Store "for the joint use and benefit" of both the employee and the insurance carrier. The provisions of the statute as to the amount the respective plaintiffs may be entitled to, in nowise change the nature of their cause of action against the third person. So far as establishing the "circumstances creating a legal liability" against such third person are concerned, but one issue is presented, the negligence, vel non, of the third person. The same evidence, facts and circumstances must determine that for or against either the insurer or the injured employee, or both. There was no controversy between Mahan and appellant over the payment of the compensa-

tion, the insurer's liability therefor, nor the amount thereof. Their respective rights were consequently fixed by the terms of the statute. And if, after all pleadings were filed and the issues made, the injured employee can sever his part of a joint cause of action against a common defendant, growing out of the same occurrence, and invoke the power of the court to approve a separate settlement by him with such defendant; he would, for like reason, be entitled to sever such joint cause of action for separate trials thereof. To permit this would result in two trials against the same defendant involving but a single transaction in both of which the evidence would be identical so far as the liability of the third person is concerned. "The policy which forbids a multiplicity of suits is designed to prevent more than one suit growing out of the same subject matter of litigation, and to require parties to settle their controversies in a single suit, if practicable." 1 Tex.Jur., § 53, p. 670, and cases cited. And such rule is particularly applicable to torts. 1 Tex.Jur. § 57, p. 674.

Nor does this case present an instance of the employee dismissing his suit, taking a nonsuit, or refusing to further prosecute the suit so filed by him. The insurer could not compel the injured employee to prosecute his suit to judgment, though it could itself prosecute same in his name. The employee could at any time dismiss his suit against the wrongdoer, but not that of the insurer. But he did not undertake to do so. On the contrary he invoked the jurisdiction of the court to enter a final judgment in his behalf against the defendant. This is clearly indicated by the provisions of said judgment. After reciting the approval of the compromise agreement, the court decreed:

"That Juanita Mahan Blair, as next friend for Wade Mahan, and for and on his behalf do have and recover of and from defendant Weeks Drug Store the sum of Two Hundred Fifty and No/100 ($250.00) Dollars, in full satisfaction and settlement of all injuries and damages accruing or to accrue to the said Wade Mahan, arising out of or incident to the accident occurring in the City of San Angelo, Texas, about March 20, 1939."

Such decree further provided: "If and when defendant Weeks Drug Store pays in to the Clerk of this court for the use and benefit of said minor said sum of $250.-00 and all costs, to be taken out as is pro-

vided by law, or in the event a Guardian for said minor may hereafter be appointed and payment of said $250.00 be made to said Guardian, then said Weeks Drug Store will be fully released and discharged from all claims of said minor as set out. The plaintiff may have all writs and executions provided by law for the purpose of enforcing this judgment."

This decree also provided that such recovery was without prejudice to any rights of subrogation the insurer might have; and further that such insurer should have no interest in or claim upon said $250, but that such sum was for the use and benefit of said minor.

Not only do we think that the court erred in severing, as between the joint plaintiffs, a joint cause of action; but that it clearly erred in undertaking to award the $250 exclusively to the minor. The cases relied upon by appellant are not here controlling. In Torres v. Dishman, Tex.Civ.App., 69 S. W.2d 501, the jury found that the injured employee was guilty of contributory negligence barring recovery, and the question of a former release executed by him before he filed his suit, was raised only on the question of its admissibility in evidence. In that case not only was there not shown legal liability of such third person for damages, required by the statute as a prerequisite to subrogation; but there was a judicial determination that no such legal liability existed. Consequently, a prior release by the employee, in so far as the insurer was concerned, was immaterial. It was not entitled to subrogation had there been no such release.

The case of Traders & General Ins. Co. v. West Texas Util. Co., Tex.Civ.App., 156 S.W.2d 271, is more nearly in point, but the Supreme Court has granted a writ in that case. There the injured employee, after suit was filed, settled with the third party, and dismissed his suit without prejudice to the rights of the insurer; and no judgment in the case was entered in his favor. The issue of severance of a joint cause of action was not there raised. The insurer there not only did not show that it was required by law to pay compensation to the injured employee, but the record showed that the Industrial Accident Board had found that it did not owe him such compensation. The contention there made was that by settlement out of court, and the payment to the injured employee of $1,-500, the third person thereby admitted its

legal liability for damages; and that appellant was therefore entitled to recover under this settlement the amount theretofore paid by it. The court there denied such recovery secondarily on the grounds that the insurer had not shown that it was legally liable to pay compensation under the Workmen's Compensation Act; but primarily on the ground that because the employee had dismissed his suit without trial, and the insurer had not prosecuted to final judgment its suit against the third party on the issue of such third party's negligence, the legal liability of such third party for damages had never been adjudicated. That decision was grounded on the conclusion that the insurer's right of subrogation depends upon a judicial determination of legal liability of such third person for damages, or his admission of such liability; and until that liability had been adjudicated no subrogation existed to any part of the sum paid by compromise and settlement to the injured employee. Even if that opinion be correct, it would not control here, for the reason that the judgment in part above set out, in our opinion, constituted an adjudication of such third person's "legal liability" for damages within the meaning of Sec. 6a of Art. 8307, thus fixing as a matter of law the insurer's right to subrogation.

It is now settled that the employee's right of recovery against such third person is limited to damages in excess of the compensation paid him. The statute itself so provides. See, also, Mitchell v. Dillingham, Tex.Civ.App., 22 S.W.2d 971; Houston Gas & Fuel Co. v. Perry, 127 Tex. 102, 91 S.W.2d 1052. The causes of action not being severable, and the injured employee being entitled to recover only the excess over what was necessary to reimburse the compensation carrier for what the employee had legally collected from it, it follows that the trial court erred in granting Mahan's motion to sever and in rendering judgment in favor of the employee without at the same time adjudicating the rights of appellant against Weeks Drug Store also.

Manifestly we cannot here render judgment in favor of the appellant for the $250, for the reason that both the motion for severance, and the judgment entered, clearly disclose that only the liability of the alleged tort-feasor for a part of the damages was attempted to be adjudicated. The court should have determined in one suit

the entire damages, if any, for which the defendant was liable.

For the reasons stated the judgment is reversed and the cause remanded for another trial.