**JARBET CO., Inc. v. HENGST.**

No. 10151.

Court of Civil Appeals of Texas. Austin.

July 8, 1953.

Rehearing Denied July 31, 1953.

------◆------

Carl Wright Johnson, Edward P. Fahey, San Antonio, Massey, Hodges, Moore & Gates, Columbus, by Carl Wright Johnson, San Antonio, for appellant.

C. C. Jopling, La Grange, for appellee.

John Ben Shepperd, Atty. Gen., Rudy G. Rice, Asst. Atty. Gen., by V. F. Taylor, Asst. Atty. Gen., for intervenors, the State of Texas and its Highway Department.

ARCHER, Chief Justice.

This is a suit filed by plaintiff, Oliver C. Hengst, against The Jarbet Company, Inc., for damages for personal injuries alleged to have occurred on or about March 30, 1950, at a place on a public highway in Fayette County, where the road was under construction.

The defendant, The Jarbet Company, Inc., had the contract to build the road and the plaintiff was employed by the highway department of the State of Texas as an inspector on the job. The Texas State Highway Department intervened in the suit alleging an expenditure in compensation payments, medical and hospital expenses under the workmen's compensation act of the State of Texas, Vernon's Ann.Civ.St. art. 8306 et seq., wherein the Texas State Highway Department is a self-insurer of its employees. The amount asked in the said intervention was $2,669.10.

The parties will be referred to as they were styled in the trial court; that is, as plaintiff, defendant and intervener.

The case was tried on the 4th and 5th of November, 1952, and the jury found that Joe Coleman, the driver of the defendant's maintainer involved in the accident, failed to keep a proper lookout, that the failure to keep a proper lookout in the operation of the said maintainer was a proximate cause of the accident, that plaintiff did not fail to keep such a lookout for the maintainer as an ordinary prudent person would have kept under the same or similar circumstances, and that the amount of plaintiff's damages was $5,000. The court rendered judgment on this verdict on November 21, 1952, awarding the plaintiff $5,000 in damages, and giving the Texas State Highway Department nothing on its intervention. On the 15th day of December, 1952, the court entered a reformed judgment wherein the Texas State Highway Department was awarded the sum of $425 out of the judgment which had been rendered in favor of the plaintiff so that the plaintiff's recovery would be $4,575, and the recovery for the intervener would be $425. The plaintiff, defendant, and intervener filed motions for new trial, and the defendant within due time filed an amended motion for new trial and the plaintiff filed an answer to said motions in which he sought certain affirmative relief. On December 15, 1952, the motions for new trial were all overruled.

The appeal is before this Court on fourteen points assigned as error and are to the effect that the evidence shows that the plaintiff was guilty of negligence proximately causing his injuries; that there is

no proof that the employee of defendant was negligent in any manner; that it was error to admit in evidence the diagram, plaintiff's exhibit No. 1; in allowing the witness Hengst to be questioned with respect to the diagram; in permitting counsel for plaintiff in his closing argument to base a part thereof on the diagram; in admitting in evidence testimony of the plaintiff concerning normal operation of defendant's maintainer; in submitting Special Issue No. 6 by including in the instructions such language as would permit the jury to consider future pain in assessing damages, because there was no evidence to warrant such submission, and because the evidence was wholly insufficient to justify the inclusion of such element of damages; in permitting the jury to consider as part of its answer to Issue No. 6 the diminished capacity of plaintiff to earn money in the future, because there was no evidence, and because the evidence was insufficient to warrant the submission of such element of damages; in permitting counsel for plaintiff to comment on the failure of defendant to ·call a certain witness, who was equally available to plaintiff; in permitting the plaintiff to testify over objection as to his personal worries; in permitting counsel for plaintiff in his closing argument to refer to the personal worries of plaintiff as an element of damages; and finally, in permitting plaintiff's counsel, in closing argument, to appeal to prejudice by raising resentment against the defendant as a corporation.

The intervener, the State of Texas, assigned as error the failure of the court to deduct in the judgment the full amount of $2,669.10 in favor of intervener from the verdict, and in finding that intervener failed to make proof of its claim, and that the first money recovered by plaintiff should go to intervener, and a motion for new trial should have been granted.

The basis of the State's intervention on behalf of its Highway Department was predicated upon the provisions of Section 6a of Article 8307, V.A.C.S., which provides:

"Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both, and if he elects to proceed at law against the person other than the subscriber, then he shall not be entitled to compensation under this law. If compensation be claimed under this law by the injured employe or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employe in so far as may be necessary and may enforce in the name of the injured employee or of his legal beneficiaries or in its own name and for the joint use and benefits of said employe or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability, which shall be determined by the court trying the case, then out of the sum so recovered the association shall reimburse itself and pay said cost and the excess so recovered shall be paid to the injured employe or his beneficiaries. The association shall not have the right to adjust or compromise such liability against such third person without notice to the injured employe or his beneficiaries and the approval of the board, upon a hearing thereof."

At the actual trial of this case, following the readings of the pleadings to the jury by plaintiff Hengst and defendant Jarbet, intervener requested the court to excuse the jury for the purpose of having read its pleadings to the court and for the purpose of dictating a stipulation into the record. The court advised intervener that withdrawing the jury would not be necessary and that he, the court, would have the pleadings read and stipulation dictated outside the hearing of the jury. The court read the pleadings himself and then the fol-

lowing stipulation was dictated into the record within hearing of counsel for plaintiff and defendant:

"It is stipulated the Intervenor, Texas State Highway Department's Exhibit No. 1, the facts therein stated are true, stipulated by and between the parties, and, in addition thereto, it is a breakdown of the sum represented in Intervenor's Plea in Intervention."

Exhibit No. 1 was a breakdown of compensation and medical and hospital bills paid by intervener on behalf of Hengst as a result of the accident.

The plaintiff did not offer proof as to any of the items of expense as set out in intervener's pleading and its Exhibit No. 1, other than the $425 compensation, which had been paid by intervener.

It would have been improper and prejudicial for the intervener to have offered any evidence to the jury on the payments made to plaintiff, and error for the court to permit it to be brought directly to the jury's attention that the plaintiff was protected by insurance.

The pleadings of the intervener were addressed particularly to the court. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811.

The plaintiff was entitled to recover, if at all, only that portion of the amount of damages sued for which is in excess of the amount of compensation paid him.

The failure of the plaintiff to plead and prove all of his injuries, cost and expenses, could not deprive the State of its full recovery. Traders & General Ins. Co. v. West Texas Utilities Co., 140 Tex. 57, 165 S.W.2d 713; Fort Worth Lloyds v. Haygood, 151 Tex. ——, 246 S.W.2d 865.

The court should have determined in one suit the entire damages, and since only a part thereof was disposed of for which the defendant was liable, we reverse the judgment and remand the cause for another trial. Hartford Accident & Indemnity Co. v. Weeks Drug Store, Tex.Civ.App., 161 S. W.2d 153 (error ref., w. o. m.); Myers v. Thomas, supra.

We do not believe that plaintiff was guilty of negligence and that such negligence was the proximate cause of his injuries as a matter of law. The conflict in the testimony of plaintiff and W. L. Patrick and the testimony of Joe Coleman, defendant's only witness, made the question of negligence of Hengst and that of Coleman, and whether such negligence was the proximate cause of plaintiff's injuries is a fact issue to be determined by the jury, and Special Issues Nos. One, Two, Three and Four fairly presented such issues.

Special Issue No. One inquired of the jury if Coleman failed to keep a proper lookout for plaintiff, to which the jury answered that he failed to do so, and that such failure was the proximate cause of the accident.

In answer to Special Issue No. Three the jury found that Hengst did not fail to keep a proper lookout.

In response to Special Issue No. Five the jury found that the accident was not the result of an unavoidable accident.

Plaintiff testified that when he arrived at the place where the work was being done that he parked his car about fifty to one hundred feet west from where Coleman was operating the maintainer, and stood on the south headwall for 10 minutes. Coleman testified that Hengst stood on the north headwall and was there when he, Coleman, made his east run forward just prior to the accident. Plaintiff testified that the gravel had been spread from north to south to about the center of the road, and that the spread was about thirty feet in length, and that when he left from the south headwall he walked east, slightly toward the center of the road for about ten or fifteen steps and that he saw the maintainer just off to his left; that he heard the maintainer getting closer from the sound, and that as he looked around it was right on top of him and that he was knocked down. The plaintiff testified that Coleman in making his backward pass angled the maintainer across the road to the point where the back wheel struck him, about three and a half feet from the south crown line. Coleman testified

that he moved backward parallel with the south crown line and about four feet north thereof and that Hengst was at the east edge of the gravel spread when hit; that he had not at that time angled his maintainer to make his forward movement; that the speed of his maintainer was about one mile per hour. Hengst testified that Coleman was moving at four or five miles per hour.

We believe that the evidence raised fact issues over which reasonable minds could differ and arrive at different conclusions and the court properly submitted the issues. Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982; Montgomery Ward & Co. v. Levy, Tex.Civ.App., 136 S. W.2d 663; 29 Tex.Dig., Negligence, , 1–14, pages 110–120; Triangle Motors of Dallas v. Richmond, Tex.Sup., 258 S.W.2d 60.

Appellant's Point No. 6 is directed to the error of the court in admitting into evidence testimony of plaintiff concerning the *normal* operation of defendant's maintainer.

The plaintiff testified, over objection of defendant, that defendant's maintainer was backed farther to the center of the crown line than was necessary in making a normal run, and that at the time he was hit the tractor was out of the normal path, than it would have been in the normal spreading operation.

The plaintiff was not shown to have ever operated a maintainer or that he had a sufficient amount of knowledge of the operation of the maintainer to justify his testimony as that of an expert, and his testimony amounted to his conclusion of the fact and was an invasion of the province of the jury, which was qualified to draw its own conclusions from the testimony as to the operation of the maintainer. 19 Tex.Jur. 398–403; Texas Southern Railroad Company v. Long, 35 Tex.Civ.App. 339, 80 S. W. 114; Gulf W. T. & P. R. Co. v. Wittnebert, Tex.Civ.App., 104 S.W. 424.

Appellant's Points Nos. Seven and Eight are directed to the action of the court in charging the jury that the jury could take into consideration future pain and suffering in assessing damages because there was no evidence to warrant the submission of such element of damages; and that the evidence on future pain and suffering was wholly insufficient to warrant the inclusion of such element of damages.

Special Issue No. 6 inquired as to the amount of money, if any, would compensate plaintiff for his injuries, if any, taking into consideration certain elements of damages, if any, and none other:

"Physical pain and suffering which the plaintiff, Oliver C. Hengst, will in reasonable probability suffer in the future beyond the date of this trial as a direct and proximate result of the accident in question, if any."

Points Nos. 9 and 10 are directed to the part of the instructions given in connection with the submission of Special Issue No. Six, and are that there was no evidence, or that the evidence was insufficient to warrant the submission of an element of damages based on the diminished earning capacity of plaintiff.

The instructions given are as follows:

"The reasonable present cash value of the diminished capacity of Oliver C. Hengst to earn money in the future beyond the date of the trial, if any, directly and proximately resulting from the accident in question, if any.

"Answer in Dollars and cents, if any."

Plaintiff testified that at the time of the trial he was still suffering pain in his back and abdominal area and that his arm was bothering him; that prior to the injury his physical condition was good; that he was not in as good physical condition as he was prior to the accident. The witness further testified as to treatments he was being given for his pain such as alcohol rubs. There was no expert testimony as to plaintiff's condition, and we believe that there was some evidence, and that it was in the province of the jury to determine the extent, if any, of such future pain or suffering. Tex.Jur.Supp., Vol. 9, p. 308, Sec. 229, and cases therein cited.

We doubt the sufficiency of the evidence to raise the issue of diminished capacity to earn money in the future.

The testimony is that at the time of the accident plaintiff was receiving $260 a month, and at the time of the trial was receiving $300, and that he has not lost any time since he returned to work and has been given new duties.

The physician that treated Mr. Hengst testified that all broken bones had a good union and other injuries had healed, and this feature of the elements of damages will doubtless not be present upon a retrial of the case.

Appellant's Point No. 11 is directed to the action of the court in permitting counsel for plaintiff, over the objection of the defendant, to comment on the failure of defendant to call a certain witness who was present in the courtroom and who was equally available to the plaintiff as he was to defendant.

In his closing argument counsel for plaintiff commented:

"Now, let us see something else, gentlemen, they overlooked in this case. You see this gentleman sitting right over there with his hand on his chin. You saw him sworn in on this case yesterday morning. You heard them testify that there were two other men working here for the Jarbet Company, their employer. Who is that man over there? Who is he to come before this Court and never said a word Hengst has said? Who is he? You got a right to know. They brought nobody here yet that testified they had these two men here working; they would know what was here, but they haven't put them on the stand to tell you. They are distorting facts."

To which argument counsel for defendant took an exception and requested the court to instruct the jury not to consider it. This objection was overruled.

The witness was available to both parties alike, and comment on the failure of defendant to call the witness was improper. Stewart v. Shoemake, Tex.Civ.App., 225 S. W.2d 873, error ref., n. r. e.; Texas Employers Insurance Association v. Hicks, Tex.Civ.App., 237 S.W.2d 699, error ref., n. r. e.

Appellant's Point No. 12 is directed to the action of the court in permitting the plaintiff to testify, over the objection of defendant, as to his personal worries about his family, as an element of mental pain and anguish; and in permitting counsel for plaintiff in his closing argument to refer to the personal worries of the plaintiff as an element of damages.

Mr. Hengst, recalled as a witness on direct examination, was permitted to testify that while in the hospital he worried about his family and at the time of the trial was still worrying about them.

Counsel for plaintiff in his argument commented on the mental condition of plaintiff. We believe that such testimony and comments thereon were improper.

In 13 Tex.Jur., p. 218, it is said:

"* * * in accordance with fundamental principles, no recovery may be had for worry or mental distress which is not shown to have been the foreseeable or 'natural' result of the defendant's wrongful conduct. And mental anguish which has been suffered by the plaintiff as the result of fear or apprehension that calamitous events might happen, but which in fact did not happen, may not be made a basis for the recovery of damages. * * * To constitute mental anguish for which recovery may be had, there must be something more than mere worry, vexation or disappointment, or anger and resentment, and it must be based upon grounds reasonably calculated to produce mental suffering." Gulf, C. & S. F. R. Co. v. Dickens, 54 Tex.Civ.App. 637, 118 S.W. 612.

Appellant's Point No. 12 is directed to the closing argument of counsel for plaintiff in remarking: "Gentlemen, you can have the corporation, this defendant, pay for the negligence running over this boy."

94

It is the general rule that it is improper to arouse prejudice against a party merely because it is a corporation. Allis-Chalmers Mfg. Co. v. Board, Tex.Civ.App., 118 S. W.2d 996; Armstrong v. Missouri-Kansas-Texas R. Co. of Texas, Tex.Civ.App., 233 S.W.2d 942, error ref., n. r. e.

 Counsel for plaintiff produced a preconstructed diagram or map consisting of a cardboard about two by three feet on which certain lines had been drawn and on which certain numbers had been written. On this cardboard was posed a picture of a man and of a road maintainer similar to the one in use at the time of the accident.

At the time the map was offered in evidence and before it was introduced and admitted in evidence the defendant objected on the grounds that the map had been preconstructed and a self-serving picture, and that all questions to be propounded to the witness in explanation thereof would be leading and suggestions, and that the map had been made on the basis of hearsay statements.

Plaintiff's Exhibit No. 1 at the time it was introduced in evidence purported to contain exact measurements of the area where the accident occurred when it was not shown at that time who made the drawing, nor who made the measurements, nor whether any actual measurements were ever made, nor whether the lines and picture were according to any scale.

This diagram was made by counsel for plaintiff on the basis of information given him by plaintiff and another person.

At the time of the introduction of the map or diagram counsel for plaintiff stated he would thoroughly identify it, such identification consisted only of the witness Hengst, who did not testify that the measurements or directions on the map were correct but on being shown the map answered certain questions as to what represented certain conditions and locations.

There were no preliminary authentication of the exhibit at the time it was offered, either by the maker thereof or by anyone qualified to testify with reference to the map. The maker of the map did not testify as to the correctness thereof. 22 C.J.

912; 32 C.J.S., Evidence, § 1114; Maxcy v. Norsworthy, Tex.Civ.App., 19 S.W.2d 926; Bryson v. Ferrill, Tex.Civ.App., 25 S.W.2d 1001.

The rule for admission of maps, plats, etc., is stated in Capitol Hotel Co. v. Rittenberry, Tex.Civ.App., 41 S.W.2d 697 (error dism.).

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.