**J. L. PRINCE et al., Appellants,**

v.

**Stanley P. FLUKINGER et al., Appellees.**

**No. 7528.**

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1964.

Eugene J. Pitman, DeLange, Hudspeth & Pitman, John H. Holloway, Houston, for appellants.

John Croom, Houston, for appellees.

CHADICK, Chief Justice.

The initial action is in statutory Trespass to Try Title, with cross actions filed by certain defendants and intervenors. The first opinion herein dated February 11, 1964, is withdrawn. The judgment of the trial court is reversed and the case remanded for new trial.

Special issues were submitted to and answered by a jury; judgment was entered awarding the plaintiffs, Stanley P. Flukinger, Rembert O. Smith and Doris C. Hautier a recovery of title from J. L. Prince and Houston Belt & Terminal Recreation Club, Inc., "as their interest may appear", in a .684 of an acre tract of land. The Houston Belt & Terminal Recreation Club, Inc., was adjudged a recovery of $936.25 from J. L. Prince, J. R. Prince, and their respective wives for breach of warranty of title. A take nothing judgment was decreed on J. L. Prince's cross-action against Flukinger, Smith and Hautier, with the cost of the entire litigation adjudged against him.

Both the recreation club and the Princes' have appealed from the judgment as a whole, but the recreation club limits the relief it seeks to an affirmance of its recovery of damages from J. F. Prince and wife, Cletia Prince, should the recovery of Flukinger, Smith and Hautier be sustained.

The appellees Flukinger, Smith and Hautier brief this as a trespass to try title suit involving the location of a boundary. They urge affirmance on the theory that the appellees proved a superior title from a common source and located the disputed .684 of an acre tract on the ground within the bounds of the land described in their title deed. A topical discussion of the appellants' points is made for brevity's sake.

### Common Source

Flukinger, Smith and Hautier, on the one hand and the Club and the Princes on the other, claim title to their respective adjoining tracts of land under a chain of deeds emanating from J. A. Hautier, the owner of a 51.4 acre tract. The club is the remote vendee under J. L. Prince of a 3 acre tract out of J. L. Prince's 10 acre tract; the Prince 10 acres was carved out of the original 51.4 acre J. A. Hautier tract. (J. R. Prince and his wife acquired an undivided interest in the residue of the Prince 10 acre tract at a time subsequent to the date J. L. Prince deeded the three acres that

eventually vested in the Club). The plaintiffs, Flukinger, Smith and Hautier, undertook to prove that the south boundary of the original 10 acre Prince tract and the south boundary of the Club's 3 acre tract is a common boundary line, and that accurate establishment of this line located the disputed .684 strip outside the boundary of the original Prince 10 acres and within the boundary of the residue of the larger 51.4 acre J. A. Hautier tract now owned by Flukinger, Smith and Hautier.

The Princes and the club, each in their or its own behalf, offered as evidence of title, deeds connecting their respective tracts with the J. A. Hautier title. But the club insists that the evidence vests in it a title independent of the title emanating from J. A. Hautier. This independent title is evidenced by a judgment in a trespass to try title suit; the title recovered therein was from a source in nowise connected or linked in to the chain of title emanating out of J. A. Hautier. The club did not purport to rely solely upon the title acquired by this judgment, but as first mentioned, also claimed ownership by reason of the muniments that connected its title with J. A. Hautier. The evidence did not connect the judgment title into a chain of title connected with a patent from the state. Nor does the evidence show that title derived through judgment is superior to the title of J. A. Hautier. In "Trespass to Try Title", 41-A, Tex.Juris. p. 720, the governing rule applicable to this factual situation is expressed in this language:

"Where a party sets up a title which has emanated from an individual other than the person who has been shown to be a common source of the litigants' titles, in other words, an independent source, he must establish that such title * * * is valid and effectual, that it is superior to the title of the common source, and that he has acquired the independent title or that it has not been acquired by the individual who is shown to have been the common source."

Such being the factual background the club and the Princes are relegated to such title as they derive from the common source J. A. Hautier.

Both appellants contend that there is a hiatus in the appellees' chain of title extending back to J. A. Hautier when a deed—which they contend is inadmissible as evidence—is excluded from the proof. The deed is from D. C. Hautier, Leon Van Meldert and M. L. Hyman to Mrs. Doris Carlton Hautier. The deed contains recitals that the San Jacinto Royalty & Refining Corporation had been dissolved, and that the grantors comprised the entire board of directors at the time of dissolution and were acting as trustees to liquidate and distribute the assets of the dissolved corporation. It is urged that the recitals are hearsay as to the Princes' and the Club, both being strangers to the transaction, and that the instrument is not admissible as an ancient document because it bears date of June 10, 1947. Texas Company v. Lee, 138 Tex. 167, 168, 157 S.W.2d 628 is cited as an authority sustaining their propositions.

■ Art. 3726b, Vernon's Ann.Civ.St., provides that when an instrument subject to registration, purporting to be the act of a trustee, has actually been recorded for a period of ten years, as is the case here, it shall be admissible as evidence, though the authority of such trustee to act or the verity of pertinent facts recited therein are not otherwise established, and the Article directs that the instrument shall be given effect as though the recited capacity, the authority of the trustee and the other pertinent facts recited were proven in the conventional manner. The statute is intended to and does, in the absence of evidence to the contrary, create a presumption that the named trustee actually occupied such status and was authorized to execute the instrument. It creates a rebuttable presumption that the facts stated are true. In this instance, the deed is admissible and constitutes a valid link in the common source chain. Texas Company v. Lee is not in point as the deed

of a trustee is not there involved, and the provisions of the statute referable to trustees had no application in the case.

### Evidence

■ *Admission of Evidence.* Points of error relative to the improper admission of evidence were considered and overruled in the original opinion. The basis of decision was that the error was not of such harmful nature as to have probably caused the rendition of an improper verdict. Rule 434, Vernon's Ann.Texas Rules. Reversible error is re-urged in the motions for rehearing because of the admission in evidence of plaintiffs' Exhibits 11, 12 and 13. These exhibits were offered to illustrate and explain the testimony of the appellees' land surveyor. Each of the plats contained memoranda that was clearly hearsay and depicted lines and the location of markers and monuments based upon conclusions or speculations but having no foundation in the findings discovered upon the ground in the course of the witness's surveys. Written on plats 11 and 12 are notations of corners found, lines run, and calls made by other surveyors whose work was known to the witness only by hearsay. Admission of the plats was erroneous. Matthews v. Thatcher, 33 Tex.Civ.App. 133, 76 S.W. 61; Reed v. Phillips, Tex.Civ.App., 33 S.W. 986; Randall v. Gill, 77 Tex. 351, 14 S.W. 134; Maxcy v. Norsworthy, Tex.Civ.App., 19 S.W.2d 926; Bryson v. Ferrill, Tex.Civ. App., 25 S.W.2d 1001; Jarbet Company v. Hengst, Tex.Civ.App., 260 S.W.2d 88; Kelley v. Fain, Tex.Civ.App., 168 S.W. 869.

The prominence of the plats and their aura of authenticity and the unsatisfactory state of the evidence in many respects, some phase of which is yet to be discussed, forces the conclusion that admission of this improper evidence probably did result in the rendition of an improper verdict.

*Insufficiency of Evidence.* Correlating the evidence of the witnesses in the statement of fact with the exhibits is a labor producing a product of uncertainty. The mean-

ing of some of the testimony is clouded and doubtful because the specific plat referred to by the witness cannot be recognized.

The surveyor whose testimony the appellees Flukinger, Smith and Hautier rely on to locate the disputed tract on the ground is insufficient for their purpose. The following excerpt from the club's brief presents the authorities controlling this question and a summary of its view of the evidence, to-wit:

"Stripped of the opinion testimony * * * presented orally and by * * * notations on the plats * * * the record is devoid of evidence concerning the location of the disputed boundary. Neither the surveyor * * * nor any other witness testified to the location of any object or muniment from which the location of such boundary line could be ascertained, to any evidence of possession or fencing from which its location could be inferred, or to any ancient reputation tending to establish the location of such boundary. * * * Kirby Lumber Co. v. Adams (Bmt., 1927) [Tex.Civ.App.], 291 S.W. 279, writ dis.; Southern Pine Lumber Co. v. Whiteman (Eastland, 1937) [Tex.Civ. App.], 104 S.W.2d 635, writ dis.; Olsen v. Gulf Production Co. (Texark., 1937) [Tex.Civ.App.], 111 S.W.2d 784, writ ref.; Kuechler v. Wilson (S.C., 1891), 82 Tex. 638, 18 S.W. 317; Fulcher v. White (Austin, 1899), 48 S.W. 881; Bugbee Land & Cattle Co. v. Brents (Ft. W., 1895), 35 S.W. 695; State v. Ohio Oil Co. (supra) [Tex.Civ.App., 173 S.W.2d 470]."

After careful effort to understand the evidence offered and considering the entire record, the conclusion has been reached that the evidence is insufficient to support the judgment. The motions for rehearing are granted and the appellants' points challenging the sufficiency of the evidence are sustained. The judgment of the trial court is reversed and the case remanded for new trial.